Mr Chief Justice Mahshall.
 

 delivered the opinion of the Court.
 

 The question now. referred to this Court differs from that which >was decided in Patton’s lessee
 
 vs.
 
 Easton, 1
 
 Wheat.
 
 
 *242
 
 476, in this, that the defendant who sets up a possessidn of s^Vjen years in bar of the plaintiff’s title, endeavours to connect'himself with a grant. The sale and conveyance however, by which this connexion is to be formed, are admitted to be void. The conveyance being made by a person having no authority to make it, is of no validity, and cannot connéct the purchaser with the original grant. We are therefore of opinion that the law is for the plaintiff and that this be certified as the opinipn of this Court.
 

 This cause came on to be heard on a certificate of division of opinion of the judges of the circuit court of the United States for the district-of west Tennessee, ánd on the questions and points on which the said judges of that court were divided in opinion/and which have been certified to this Court; and was argued by counsel: on consideration whereof, this Court is of opinion, that under the statute of limitations of Tennessee, of seventeen hundred and ninety seven, a possession of seven years is a protection only when held under a grant or under valid rhesne conveyafices; dr a paper title, which are legally or equitably connected with a grqnt; : and that a void deed' is not such a conveyance, as that a possession Under it will be protected under the statute of limitations ; all which is directed and ordered to be certified, to the said circuit court of the United States, for the seventh circuit and district of west Tennessee.