# CHARLESTON.

### ROBINSON v. LOWE.

Submitted January 30, 1901.    Decided November 16, 1901.

1. GRANT—*Land Office—Certificate.*
     A copy of grant from the commonwealth of Virginia certified as follows,—"Land office, Richmond. The foregoign is a true copy from the records. Given under my hand and seal of office this 14th day of September, 1881. (Seal)    J. M. Brockenbrough, Reg. Land office," is sufficiently attested under chapter 130, Code, to be admitted in evidence in the trial of an action of ejectment. (p. 77).

2. DEED—*Certificate—Sufficiency.*
     So also a copy of a deed from the records of the clerk's office of the county court of W. County, West Virginia, attested as follows,—"A copy. Teste: H. R. Thompson, Clerk." is sufficiently atested to be so admitted in evidence in such action under said chapter. (p. 78).

3. ATTORNEY IN FACT—*Warranty—Quit Claim.*
     A deed executed by an attorney in fact, purporting to convey real estate with general warranty, under a power of attorney authorizing only a quit claim deed has the effect to quit claim on the part of the principal although he is not bound by the warranty. (p. 79).

4. FORMER DECISIONS APPROVED.
     Syl. 6 *Wilson* v. *Braden*, 48 W. Va. 196, (36 S. E. 367) approved.

5. INSTRUCTIONS—*Material Facts.*
     An instruction which singles out certain facts and makes the case turn on them ignoring other material facts in the case is erroneous. *Price* v. *Railroad Co.*, 46 W. Va. 538. (p. 81).

6. DEED—*Description—Title.*

    A deed or writing which purports to convey described land and pass a title, gives color of title, no matter in what its invalidity may consist. (p. 82).

7. COLOR OF TITLE—*Boundary.*

    Mere color of title is valuable only so far as it indicates the extent of the claim under it. (p. 85).

Error to Circuit·Court, Wetzel County.

Action by S. I. Robinson and others against John M. Lowe. Judgment for plaintiffs, and defendant brings error.

*Reversed.*

WILEY & KEIFER, for plaintiff in error.

E. B. SNODGRASS and T. P. JACOBS, for defendants in error.

McWHORTER, JUDGE:

This is an action of ejectment brought by S. I. Robinson and others in the circuit court of Wetzel County against John M. Lowe for a tract of one hundred and thirty-six acres of land. The plea of not guilty was entered and issue joined. The defendant then upon the record "disclaimed any interest in the land in controversy in this action and described in plaintiff's declaration, except that portion of said land which is bounded by the blue lines on plat in this action and which lies west of the red line running from a white oak at No. 14 south twenty-five, west one hundred and eight poles to a hickory at No. 15 and being the eastern boundary of the Levi M. Lowe fifty acre patent and designated and bounded on the plat in this action by the red lines." A jury was duly impaneled, after hearing the evidence and arguments of counsel, returned their verdict for the plaintiff for the premises described in the verdict referring to a map marked "Verdict Map X" for metes and bounds as laid down in their verdict, being part of the land described in the second count of the declaration in the case, and as to the residue of the lands described in said second count they found for the defendant, when the defendant moved the court to set aside the verdict of the jury as being contrary to the law and the evidence, of which motion the court took time to consider. Afterwards on the 2d day of June, 1900, said motion "being considered and it appearing that the defendant by his disclaimer has disclaimed title to that portion of land (among other things) found by said ver-

dict as shown on the verdict plat marked 'X' and described: 'Beginning at 'A' on said plat thence N. 23, East to the line from No. 1 on said map to 'L,' and thence with said line to 'L,' thence to 'M,' thence to 'N,' thence to 'O' and thence from 'O' up Fishing Creek to 'A,' and said defendant having so released said part (among other things) and having claimed no title thereto, and the plaintiffs thereupon not desiring any recovery for that portion of the land in controversy found by the jury and above described, on account of the said disclaimer of said defendant, said plaintiff doth release from the land so found by the jury the above described parcel of land, and does not claim to recover against the defendant in this action so much of the land as is above described, and the defendant objects and excepts to the action of the court in permitting said remitter to be filed and asks that his bill of exceptions may be signed, sealed, and saved to him, which is accordingly done," and the motion to set aside the verdict was overruled, and judgment rendered in favor of plaintiff S. I. Robinson against the defendant John M. Lowe for the land and premises described in the verdict except that portion so released by plaintiff. The defendant took ten several bills of exceptions to various rulings of the court and obtained a writ of error and *supersedeas,* assigning as many causes of error.

The first assignment is that the court erred in admitting as evidence on the part of the plaintiff a paper "purporting to be a copy of a patent from the commonwealth of Virginia to S. I. Robinson for one hundred and thirty-six acres of land, to which there is no certificate whatever introduced, as required by law. There is no certificate of the register of the land office of the commonwealth of Virginia showing it to be a copy as required by law, and it was not in proper form to be admitted as evidence, also the *habendum* of said copy is not to S. I. Robinson but to S. J. Robinson."

The said copy of patent is certified as follows:

"Land Office, Richmond.

The foregoing is a true copy from the records.

Given under my hand and seal of office this 14th day of September, 1881.

(Seal.)    J. M. Brockenbrough, *Reg. Land Office.*"

Section 5, chapter 130, Code, provides that "A copy of any

record or paper in the clerk's office of any court or in the office of the Secretary of State, Treasurer, or Auditor, or in the office of surveyor of lands of any county, *attested* by the officer, in whose office the same is, may be admitted as evidence in lieu of the original," sections 5 and 6 relate to the same subject, and section 7, says "The provisions in the preceding sections contained, shall apply to a copy of the clerk's office of any court in the state of Virginia, or in the office of the secretary of the commonwealth, treasurer, register of the land office, or either auditor or any surveyor of lands of that state, *attested* as aforesaid." The copy introduced was not only attested but was certified by the register of the land office of Virginia. As to the objection that the name in the *habendum* of the patent is to "S. J." instead of S. I. Robinson, it is quite technical, the name in the granting part of the patent is S. I. Robinson, to whom the grant is made, and the change to "J." in the *habendum* is a mere "slip of the pen," a clerical error, and it cannot be presumed that S. I. Robinson in the granting clause is a different individual form S. J. Robinson in the *habendum*. The clear purpose was that it be held to him to whom it was granted.

The second assignment is similar to the first in that it is claimed to be error to admit in evidence a copy of a deed from the records of the clerk's office of the county court of Wetzel County, from Jared Maris, attorney in fact for T. M. Evart to S. M. Robinson for one hundred and twenty-six acres of land, which copies the certificate of acknowledgment and the certificate of a former clerk of said court admitting the same to record in his said office and attested as follows: "A copy. Teste: H. R. Thompson, Clerk." It is argued that without further designation it cannot be known of what H. R. Thompson is clerk, but the attestation that is almost universally used and is recognized as sufficient by the section of chapter 130, Code, before quoted. It is claimed that the attestation does not pretend to show that said copies are true copies and that the signature required by law is wholly wanting.. A copy, to be such must of necessity be a true copy otherwise it is not a copy at all and the clerk's attestation is sufficient.

It is further insisted that it was error to permit the deed from Maris, attorney in fact for Evart, to the plaintiff S. M. Robinson for the one hundred and twenty-six acres of land to go before the jury as evidence of even color of title because the power of at-

torney from Evart to Maris limits and defines his authority to
make only quit claim deeds for so much and such parts of the
"Hilliard Tract" of land as he might deem best in settling
claims, etc., and that there was no evidence to show whether any
part of said one hundred and twenty-six acres was the same tract
of one hundred and thirty-six acres patented to S. I. Robinson.
The power of attorney only authorized, it is true, the attorney in
fact to make quit claim deeds, but a deed of general warranty
carries with it certainly the lesser power of quit claim, while the
principal would not be bound by the warranty it certainly "quit
claims" his title.   There was no necessity for introducing evi-
dence to prove that the one hundred and twenty-six acres con-
veyed to S. M. Robinson is the same as the one hundred and
thirty-six acres granted by the commonwealth to S. I. Robinson
as it is distinctly shown on the face of the deed: the calls, courses
and distances, are identical with those of the grant.

The next assignment is to the same effect with reference to
the admisison as evidence of the power of attorney to Jared
Maris, claiming that said power of attorney was not properly cer-
tified, being an attested copy from the records as the said deed
was, the attestation being held sufficient.

The fourth and fifth assignments refer to bills of exceptions
two and three which include all the evidence in the case, by
permitting in the first instance improper evidence to go to the
jury over the objections of appellant and in the second in refus-
ing to permit certain evidence offered in his behalf to go to the
jury, "all of which appears in the record" but he fails to point
out the particulars in which the court erred and upon which he
especially relies.

The sixth assignment that the court erred in the particulars
shown by bills of exceptions Nos. 4, 5, 6 and 7 by giving the in-
structions to the jury because they were not relevant to the case
nor based upon the facts proved in the case and only calculated
to mislead the jury to the prejudice of appellant.   The instruc-
tion set out in bill of exceptions No. 4 is as follows: "If the jury
believe from the evidence that S. I. Robinson, under his patent,
entered upon the land embraced therein and took possession of
the same by himself or his tenant, then he was in the possession
of the whole of said tract of land not actually in the possession
of some other party; and if you believe that such possession has
continued for more than ten years by the said Robinson or his

tenants, then his possession under his patent gave him a perfect title to the land actually in his possession, notwithstanding you may believe some part of his survey may have been overlapped by an older patent." There are two interlocks in question here, one on the creek at what is called in the record "the island" another where the gas well is, where it is claimed by defendant to be inside of the fifty acre grant. The island interlock is clearly shown to have been for sixteen or eighteen years prior to the institution of this action in the actual adverse possession of defendant Lowe who farmed and worked it all that time, and there is no evidence tending to show that plaintiff had actual possession at any time of any part of the island interlock. Lowe was holding under a deed from his father dated some twenty-four years after the date of the grant under which plaintiff was holding, the latter bearing date February 16, 1858, the deed from Levi M. Lowe to defendant dated June 5, 1882.

In *Wilson* v. *Braden,* 48 W. Va. 196, 36 S. E. 367, it is held, "Where there is an interlock between two tracts of land claimed under different titles, the possession under the junior claim outside the interlock does not give that claim possession of the interlock; but, if the junior claimant is in actual possession within the interlock, he has possession of the whole interlock, and the statute of limitations runs in his favor against the older title, if the claimant under the older title, though in actual possession of his tract, is not in actual possession inside of the interlock." *Garrett* v. *Ramsey,* 26 W. Va. 345. The defendant Lowe being in the adverse possession of the island interlock under a junior title, the instruction was bad as to that interlock and should not have been given. It is claimed by appellee that "this instruction simply tells the jury that Robinson's possession by himself or by his tenant for a period of ten years gave him a perfect title by possession to the extent of the limits of his patent calls, and regardless of any conflict or overlapping of adjacent patents." The instruction would not be at all to the prejudice of the defendant and would be proper to be given if no questions were involved except as between the plaintiff and older patents, but under the circumstances of this case, the defendant holding as he was under a junior colorable title and in possession thereunder of a part of the "island interlock" renders the instruction misleading and improper. The instructions complained of in bills of exceptions five and six respectively, have reference to

the location of the lines of the fifty acre patent issued to Levi
Lowe and introduced in evidence by defendant, which is dated
November 13, 1841, and are as follows: "The jury is in-
structed that a well known stream or water course which is
called for in a title paper controls mere course and distance"
and "The jury is further instructed that in locating the Lowe
fifty acre tract that they may take into consideration the fact
that the beginning corner is located on the .bank of Fishing
creek and that the corner next to said beginning corner is also lo-
cated on the bank of said creek, and they must locate as called
for in the title papers referring thereto both of said corners."
The first of said instructions is good as an abstract proposition
of law, there is no principle better settled, but under the evi-
dence in this case it as well as the other instruction may be mis-
leading to the jury; the beginning corner mentioned in the grant
to Levi Lowe of the fifty acres patent is "a large rock in the
north side of said fork" (referring to the South fork of Fishing
creek) and "the corner next to said beginning corrner" men-
tioned in the second of said instructions is the last corner men-
tioned before reaching the beginning corner which is "a white
oak on the bank of the creek." The evidence shows that said
white oak as laid down by the red lines claimed by the defendant
as the true lines of the said grant, is about one hundred and
sixty feet from the creek. Whether that is a corner on the bank
of the creek is a matter under the evidence for the consideration
of the jury. The latter of said instructions assumes that it is
proven that the beginning corner of the fifty acre tract, as set
out in the patent, is on the creek bank, while the theory of the
defendant is that it is not on the bank but under the bank; the
language of the patent is "beginning at large rock in the north
side of the fork." The evidence is conflicting as to whether the
true beginning corner was found and as to the marks on the
rock, the most of the witnesses testifying that the marks con-
sisted of three hacks which had the appearance of having been
made recently. The appellee in his brief says "the instruction
simply tells the jury that the two controlling corners in said
patent are located on the banks of Fishing creek, and that they
must be guided in locating the fifty acres patent by referring said
title papers to both of said corners." There was another corner
to the fifty acres patent, being the hickory at the end of the
line south twenty-five west one hundred and eight poles which is

called for as being "on a point" and marked fifteen on the map which there was strong evidence tending to well establish, while the effort of the appellee was to locate that corner at I, the evidence concerning which corner was material and which facts, as well as other material facts were ignored in the instruction singling out the particulars mentioned to the exclusion of all others. In *Price* v. *Railroad Co.*, 46 W. Va. 538, syl. 2, "An instruction which singles out certain facts and makes the case turn on them, ignoring other material facts in the case, is erroneous," and besides the court was not warranted in instructing the jury that both of said corners are located on the bank of said creek.

The instruction objected to in seventh bill of exceptions is as follows: "The jury is further instructed that before they can find for the defendant as to the land in controversy, of which he claims to have possession, you must believe that he has had such possession, or such part or portion, under color or claim of title adversely, continuously, and in a hostile manner for more than ten years before the commencement of this action." This instruction would be good as far as the interlock at the island is concerned but is not good as to the interlock at the gas well, if the fifty acres patent is located so as to make the interlock claimed, because in this interlock the plaintiff and not the defendant is the party holding under the junior grant, defendant's grantor Levi Lowe was the patentee of the fifty acres which was a prior patent to that of plaintiff and as to the fifty acres defendant did not claim by adverse possession but relied upon his title and the outstanding title of Levi Lowe which was really seventeen years older than plaintiff's title, and the adverse possession for the statutory period was not necessary to defeat plaintiff's recovery of the interlock in case said interlock was established, involving the fifty acres patent of Levi Lowe and plaintiff's patent of one hundred and thirty-six acres.

Plaintiff in error insists that the court erred in refusing the following instruction set out in bill of exceptions No. 8: "The jury are instructed that a deed in writing which purports to convey lands by metes and bounds and pass a title thereto, is color of title, no matter in what its invalidity may consist." Defendant in error attempts to sustain the action of the court in refusing this instruction, because he says it is a mere abstraction and propounds a mere moot question, that it does not point out to the jury what deed was referred to or intended to

be referred to. When the defendant introduced the deed from Levi Lowe for the one hundred and thirty acres the plaintiff objected to its introduction because "it was not connected with the commonwealth of Virginia," which objection was sustained but the deed "allowed to go in as color of title," defendant was claiming title only under said deed at the island interlock which deed conveyed by metes and bounds the lands described in it, and it went to the jury limited in its effect, not with all the force of good title but simply as color of title. Hutchinson's Land Titles, s. 392. "A deed or writing which purports to convey described land and pass a title, gives color of title, no matter in what its invalidity may consist." *Adams* v. *Alkire,* 20 W. Va. 480; *Cooey* v. *Porter,* 22 *Id.* 121; *Jones* v. *Lemon,* 26 *Id.* 630; *Jackson* v. *Huntington,* 5 *Id.* 402; *Shanks* v. *Lancaster,* 5 Grat. 110; *Powell* v. *Harmar,* 2 Peters 241; *Core* v. *Faupel,* 24 W. Va. 238. The instruction should have been given.

The instruction set out in defendant's bill of exceptions No. 9, refused by the court, is as follows: "The court instructs the jury that the fact that the deed from Levi M. Lowe to John M. Lowe conveys by metes and bounds to said John M. Lowe more than one hundred and thirty acres should not be taken into consideration by you in determining the matters in controversy in this action." This instruction was improperly refused. *Coal Co.* v. *Howell,* 36 W. Va. 489, syl. 8. "The parties right of ownership or claim of right extends to his outside boundary lines, and is not limited by the number of acres called for." The deed for the one hundred and thirty acres is a mere color of title and admitted in evidence only as such. Hutchinson's Land Titles, s. 293, says, "It is not to be forgotten that mere color of title is valuable only so far as it indicates the extent of the disseizor's claim." *Eye* v. *Medlar,* 82 Pa. St. 99. "The effect of color of title is to define the extent of the possession claimed." *Washburn* v. *Cutter,* 17 Minn. 369. A portion of the land contained in the deed to defendant for the one hundred and thirty acres, was held only under that title and by possession and the jury had a right to look to the extent of his possession and to its character for the purpose of determining the true location of the tract described in said deed. The instruction asked by the defendant contained in bill of exceptions No. 10 is as follows:

"The court instructs the jury that the burden of proof rests on the plaintiff to establish the boundaries of the Levi M. Lowe

fifty-acre patent where he, the said plaintiff, claims said bound-
aries to be, by a preponderance of the evidence in this case before
he can recover any part of land lying within the red lines as laid
down on the plat in this action; and if you do not believe that
the said plaintiff has established the boundaries of the fifty
acres where he claims the boundaries are by a preponderance of
the evidence in this case you must find for the defendant as to
said fifty-acre patent." This instruction under the evidence in
the case was properly refused. The plaintiff is required to locate
the exterior boundaries of his patent for one hundred and thirty-
six acres of land, before he can recover, but he is not bound to
locate the fifty-acres patent to Levi M. Lowe. The beginning
"corner to Levi M. Lowe" is but one mark indicating the loca-
tion of the one hundred and thirty-six acres. A survey of the
tract was made and other corners if well defined and ascertained,
any one of which when established tends as well to evidence the
location of the one hundred and thirty-six acres as the "corner
to Levi M. Lowe." Much evidence was taken to identify the
boundaries of the tract as laid down in the patent to plaintiff,
whether there was a preponderance of evidence establishing the
boundaries was for the jury. While the corner to Levi M. Lowe
is called for, plaintiff is by no means bound to locate the fifty
acre survey or any other survey that might be called for, but to
establish his own, by testimony identifying lines and corners
made in the surveying of the land and by his possession by him-
self or tenant of the premises or any part of it. To make the
location of the one hundred and thirty acres of plaintiff, depend
entirely upon the location of the fifty-acre patent, when there are
other material facts tending to prove the location of the one
hundred and thirty-six acres would be signling out certain facts,
to the exclusion of such other material facts, and would bring
it within the ruling before cited in *Price* v. *Railroad Co.,* 46 W.
Va. 538, syl. 2. Where a call in a deed is for a call mentioned
in another deed, that is only one means of identifying or assist-
ing to identify the boundary of the former. All the evidence and
material facts properly admitted in evidence tending to identify
the boundaries of the survey are to be considered in its identifi-
cation, and the court cannot single out particular facts however
material and forceful, to the exclusion of other material facts
properly shown in the case. The instruction in question virtu-

ally tells the jury that unless they believe from the evidence that the boundaries of the Levi M. Lowe fifty-acre patent have been identified by the plaintiff by a preponderance of evidence, that they must find for the defendant as to said fifty acres, which is in fact not in controversy except incidentally, and such instruction gives undue prominence to the location of the Lowe fifty-acre patent. It is the business of the defendant Lowe to locate said patent if he would be benefited by its location, and whether he succeeded by his evidence in locating on the red lines as laid down for him on the map was a question for the jury.

The eighth assignment that "the court erred in entering judgment on the verdict of the jury when said verdict found for defendant a part of the interlock at the place known as the island and for the plaintiff as to the residue of the said interlock, because the evidence clearly showed that defendant had held the hostile, adverse, open, notorious, visible, exclusive, and continuous possession of said interlock under color of title at least for a period of sixteen years and that during said time his possession was never questioned or interrupted and there was no conflicting evidence as to his said possession." The defendant in error seems to take the position that because the defendant entered a disclaimer as to a part of the one hundred and thirty-six acres and the jury evidently being misled by plaintiff's evidence proving possession of his land adjoining the interlock at the island, found for plaintiff that to which he proved his possession but as to which disclaimer was entered and as to which plaintiff was permitted by the court over the objection of the defendant to enter a remitter, the court was warranted in entering judgment for the plaintiff on the verdict of the jury as it stood excluding the land described in the remitter. Under the rulings of this Court in *Wilson* v. *Braden, supra,* and cases there cited, the court erred in overruling the motion to set aside the verdict and entering judgment thereon including, as it did, a part of the interlock at the island. There was no conflicting evidence as to the long continued hostile, adverse possession of the defendant to a part of the island interlock and the jury having found a part of the said interlock for the defendant, he was under the authorities cited entitled to the whole of it.

The ninth assignment, that the court erred in entering judgment on the verdict as to the interlock at the gas well because

said verdict as to said interlock is not supported by the facts, evidence, nor circumstances of the case and is clearly and plainly contrary to the law and evidence in the case. The questions submitted to the jury for their consideration were the identity and location of the claims of the respective parties, the possession of the parties, the possession of the fifty-acre tract or any part of it by the defendant as well as the acts of possession thereof of the plaintiff. The evidence was conflicting especially on the questions involving the location, as well of the fifty acres, as the one hundred and thirty-six acres.

As the case must be remanded for a new trial and the matters involved in this assignment go to the weight of the evidence on the merits of the case, it is not necessary now here to consider this assignment.

The judgment is reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed.*