# CHARLESTON

ROBINSON *v.* SHEETS *et al.*

Submitted January 10, 1908.    Decided January 28, 1908.

1. ADVERSE POSSESSION—*Extent—Interlock.*

   Where there is in fact an interlock of two conflicting grants or deeds possession of a junior grantee or adverse claimant in actual occupancy of a part of the interlock claiming the whole to the extent of his boundaries will not be limited by the actual

possession of the elder grantee or owner outside the interlock, to that part in his actual occupancy, but he will be held to be in adverse possession of all land in the interlock.   (p. 397.)

2.  BOUNDARIES—*Interlock.*

Where the calls of a junior patent and of deeds subsequent thereto are for the lines and corners of a senior patent, there can be no interlock claimed under such title papers, the only question to be determined being the true location of such common lines and corners.   Mere dispute between conflicting claimants as to where the true lines and corners are do not constitute an interlock.   (p. 397.)

3.  TRIAL—*Demurrer to Evidence.*

Point 1 of the syllabus in *Kelley* v. *Railroad Co.,* 58 W. Va. 216, approved and applied.   (p. 398.)

Error to Circuit Court, Wetzel County.

Action by S. M. Robinson against Hamilton P. Sheets and others.   Judgment for defendants, and plaintiff brings error.

*Affirmed.*

THOS. P. JACOBS, for plaintiff in error.

M. R. MORRIS and HALL & HALL, for defendants in error.

MILLER, JUDGE:

In ejectment, the plaintiff claims title to 220 acres under a grant for 1,000 acres, junior to the grant for 350 acres under which defendants claim, said 220 acres lying north and east of said senior patent.   But it is claimed by defendants that their immediate deed from John Lantz, a son of the patentee of the 350 acres, does not carry them to the true northern and eastern lines and corners of the original patent, but that their grantor, knowing of the adverse possession involved here, did not convey to them to such true lines and corners; and hence they in this suit disclaimed the land sued for beyond the northern and eastern lines so designated in their deed.   On the other hand, the plaintiff claims that the northern line of defendants' deed, being the one called for therein "S 75 1-2 E 118 poles to a fallen black oak," is the true northern boundary line called for in the original patent and also in the patent under which she claims; but

that the line called for in defendants' deed "South 137 poles to a stone pile" is not the true eastern line called for in either of the original grants; that another line running from said black oak, called for in each of said grants as running "S 10 W. 166 poles," but, by actual survey on the official plat of the surveyor in this case, running "S 13 W 143 1-2 poles," is the true eastern division line between the two grants. The land lying between these two diverging lines running from the black oak is the subject of controversy in this suit. The defendants, moreover, claim that the black oak called for in the original grant under which they claim is located northeast of the black oak corner called for in their immediate deed. There was considerable conflicting evidence in support of each of these claims. It is conceded that, if the black oak corner claimed by the plaintiff and to which the deed of defendants goes is the one called for in the original grant, the line by actual survey running "S 13 W 143 1-2 poles" is the true eastern dividing line between the parties; that, if the black oak corner claimed by defendants be the true one, the line running from that corner "S 10 W 166 poles" is such true eastern dividing line; and that the land actually in controversy is within the boundary of the defendants's immediate deed and within the boundary of the 350 acre patent.

On the trial, the parties each by unbroken chain traced title back to the respective grants under which they claim, except that it is claimed by defendants that there is a break in the plaintiff's chain of title by reason of want of authority shown in a special commissioner's deed to her, one of the deeds in her chain of title. As it is conceded the defendants have the older title and the plaintiff's case is predicated upon possession, and such alleged defective deed being color of title, it is unnecessary for us to respond to the questions raised respecting this deed. After both parties had introduced their evidence, the plaintiff demurred to the evidence, and defendants joined therein. Thereupon the jury rendered a conditional verdict, for the plaintiff should the court be of opinion that the law was for her on the demurrer, but for the defendants should the court be of opinion that the law was for them. The case was thus withdrawn by plaintiff from the consideration of the jury. Upon said demurrer

the judgment of the court was for defendants. The case is brought here by plaintiff upon writ of error to that judgment.

The theory of the plaintiff is that there is an interlock not only of the two original grants, but also of the immediate and intermediate deeds under which the parties respectively claim, and that, having proved actual possession within a portion of such interlock for a sufficient length of time to hold it thereby against the true owner, she was entitled to judgment upon her demurrer. This position would be well founded if there was in fact an interlock. *Garrett* v. *Ramsey*, 26 W. Va. 345; *Wilson* v. *Braden*, 48 W. Va. 196; *Hollingsworth* v. *Sherman*, 81 Va. 668. But if there be no interlock, then the position of plaintiff must fail. The plaintiff has undoubtedly, under the evidence, acquired title by possession to all land in her actual occupancy for the necessary period; but all that part of the disputed boundary of which she had actual possession was disclaimed by the defendant, except perhaps a very small portion, as to which there was conflict of evidence respecting actual possesion, and by the judgment of the court decided adversely to the plaintiff.

The question recurs: Is there an interlock? As we have seen the calls of the junior patent are for lines and corners of the older one under which defendants claim. These calls in her title papers then limit the plaintiff to the true lines and corners of the original grant of 350 acres; and, where this is so, there can certainly be no interlock. An interlock occurs where the title papers of one person are not limited to or bounded by those of another, but the courses and distances or natural objects called for carry the claim of the one over onto the land of the others so that the calls in the title papers of the former necessarily describe a portion of the land included in those of the latter. The word itself, as used in our cases, necessarily implies a lapping of boundaries, or there can be no interlock within which actual adverse possession of a part can ripen the junior title into good title to the whole as against the senior claimant. Where there is an interlock, and the calls of the junior are for lines and corners of the older grant, the only question to be determined is the true location of such common lines

and corners.    A mere dispute between conflicting claimants as to where the true lines and corners are does not constitute an interlock within the meaning of our decisions respecting adverse possession of interlocks.    *Storrs* v. *Feick*, 24 W. Va. 606, 613; *Oney* v. *Clendennin*, 28 W. Va. 34. Therefore, applying the rule in cases of demurrer to evidence or ignoring all oral evidence of demurrant in conflict with that of demurree, unless the oral evidence of demurrant be so clearly preponderant over that of demurree that a verdict for demurree should be set aside—as laid down most recently in *Kelley* v. *R. Co.*, 58 W. Va. 216—we must affirm the judgment of the circuit court; for we can not say from the evidence that the judgment on the demurrer, which may have included the finding of fact that the true location of the common boundary lines between the two grants was, as defendants claim, inconsistent with any fact established by the title papers, or that the oral evidence of demurrant clearly preponderated over that of demurree.

*Affirmed.*