# CHARLESTON.

### ROBINSON *v.* LOWE.

Submitted June 7, 1909.   Decided January 25, 1910.

1.  ADVERSE POSSESSION—*Interlock of Patents—Rights of Claimants.*
       Point 6 in *Wilson* v. *Braden*, 48 W. Va. 196, as to possession
       of interlock, re-affirmed.   (p. 665).

Error to Circuit Court, Wetzel County.

Action by S. I. Robinson and others against John M. Lowe.
Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

*Thos. P. Jacobs,* for plaintiffs in error.

*E. O. Keifer,* for defendant in error.

BRANNON, JUDGE:

This case has been before this Court twice before.   50 W.
Va. 75, 56 *Id.* 308.   Four jury trials have been had  in it.   It
is an action of ejectment in Wetzel county involving two small
parcels of land, one of 10 acres, called the "Island Interlock,"
the other 20 acres called the "Gas Well Interlock."   Verdict
and judgment having been given for defendant, the plaintiffs
bring a writ of error.

The complaint is made that instruction 8 was refused plain-
tiffs.   It reads as follows: "If the Jury believe from the evi-
dence that S. I. Robinson under his patent entered upon the
land embraced therein and took possession of the same by him-
self or his tenant, then he was in possession of the whole of said
tract of land not actually in the possession of some other party,
and if you believe that such possession has continued for more
than 10 years by the said Robinson or his tenants, then his
possession under his patent gave him a perfect title to the land
actually in his possession, notwithstanding you may believe some
part of his survey may have been overlapped by an older patent."
This would suggest to the jury the question of an interlock
of the defendant's older patent with plaintiffs' younger patent,
and if there was, then plaintiffs would have the benefit of pos-
session extending over on the defendant's land.   But there could

not be such interlock when the plaintiffs' patent called for defendant's older patent, and to run with its lines. *Robinson* v. *Sheets,* 63 W. Va. 394. This tended to give Robinson the benefit of possession over his bounds. But there is other objection to the instruction. Suppose an interlock between senior and junior grants. This instruction would say that a possession anywhere on the land of the junior grant would take in land of the interlock, if possession under the senior is not within the interlock. The junior, though in possession within his bounds, can not be accounted in possession of the interlock, unless he has actual physical possession in it. Constructive-actual possession arising from possession elsewhere will not do. *Wilson* v. *Braden,* 48 W. Va. 196. I see that it was discussed and disapproved in former decision, 50 W. Va. 79.

As to refusal of instruction 9, it is enough to say that it was condemned in 50 W. Va. 75, a former decision in this case.

Complaint is made that the court gave defendant's instructions 1, 2, 3, 5, 7 and 8. Instructions 2 and 3 are instructions 8 and 9 approved in the former decision in 50 W. Va. 75. That case on page 84 states principles which will approve instruction 7, that a plaintiff in ejectment must locate his boundary. We see no objection to the other instructions. None of them involve principles not well settled. As to some points in the petition for writ of error as to other matters, we see no error. A question was refused. The answer expected does not appear. It is wholly immaterial anyhow. As to two other matters there is no exception, and they are immaterial, if even we could consider them.

This case is one requiring no opinion but only a judgment of affirmance in the order book. This Court wastes a great deal of precious time in writing opinions only to reiterate again and again settled law, to the great delay of decision of causes, a practice which is a great evil, in my humble opinion, and not required by the Constitution under true construction.

This unfortunate litigation, costly to the public, and ruinous to the parties, should end, and this we do by affirmance.

*Affirmed.*