# WHEELING.

## MCCALLISTER v. COTTRILLE.

Submitted January 29, 1884—Decided April 26, 1884.

1. It is the official duty of the clerk of the county court to note in his office the day on which the sheriff returned his list of the sales of lands sold for delinquent taxes; and if he fails to make such note, or his office shows that such list was not returned and filed therein for more than ten days after the completion

of such sales, this, in either case, is such an omission and irregularity as materially to prejudice the rights of the owner of land sold at such sale and, therefore, vitiates any deed made to a purchaser of the land by said clerk or a commissioner appointed for that purpose. (p. 176.)

2. The 25th section of chapter 117 of the Acts of 1872-3, which declares that a deed obtained by a purchaser of land at a taxsale, according to the provisions of said chapter, shall be valid, "notwithstanding any irregularity in the proceedings under which the said grantee claims title, unless such irregularity appear on the face of the proceedings of record in the office of the clerk of the county court, and be such as materially to prejudice the right of the owner whose real estate is sold, and it be clearly proven to the court or jury that such diligence has been exercised by the party in whose name it was sold, that but for such irregularity the said party would have redeemed the same under the provisions of the fifteenth and sixteenth sections of said chapter," does not authorize the introduction of parol testimony to affect the validity or the invalidity of a taxdeed. But the legal construction and effect of said provision is to declare that the court or jury shall determine from the proceedings of record, on which such deed is founded, and from the face of the deed itself, whether or not any such irregularity appears thereon as would mislead a man of ordinary business capacity and was of such a character as would be calculated to prevent the owner from redeeming his land and thus materially prejudice his rights. And if such irregularity thus appears, it must be conclusively presumed that the owner was thereby prejudiced and his rights materially affected and such deed must be held and declared void. (p. 177.)

The opinion of the Court contains a sufficient statement of the case.

*A. F. Haymond* for appellant.

*Edwin Maxwell* for appellee.

Snyder, Judge:

Suit in equity brought by Alexander McCallister against George J. Cottrille and T. K. Knight in the circuit court of Doddridge county. The original bill was filed at the August rules, 1877, and the plaintiff avers therein that he was the owner in fee of a tract of one hundred and ninety-seven acres of land in said county, which was assessed with taxes in his

name for the year 1874, and returned delinquent for the non-payment of said taxes and sold, on December 20, 1875, by the sheriff and purchased by the defendant, Cottrille, for eight dollars and ninety-seven cents, the amount of said taxes; that soon after said sale he sought said defendant to pay him the taxes and redeem his land, but being unable to find him he placed the money for such redemption in the hands of A. C. Holmes the clerk of the county court of said county and took his receipt therefor on January 26, 1876; that Holmes saw said defendant and informed him that he had the money and was authorized to redeem the land, but the defendant evaded receiving the taxes until the time for redemption expired and then he demanded from Holmes clerk as aforesaid a deed for the land which Holmes declined to make him; that defendant then, by petition, applied to the circuit court of the county and said court made an order, on May 22, 1877, appointing the defendant Knight a commissioner to execute to him a .deed for said land. He prays for an injunction to restrain the defendant Knight from executing such deed and for general relief.

The injunction was granted, the defendant Cottrille answered the bill, and on November 26, 1877, the court dissolved the injunction and granted leave to the plaintiff to file an amended bill. Before the amended bill was filed, the defendant Knight as commissioner made to Cottrille a deed for the land, dated November 15, 1878.

After the deed had been thus made, the plaintiff filed his amended and supplemental bill to set aside said deed and have it declared void for errors, defects and omissions apparent upon its face and in the proceedings, appearing in the clerk's office of the county court, on which it was founded. A number of grounds are set forth in the bill to show the invalidity of said deed and among them it is alleged, that it does not appear from the recitals in said deed, or otherwise of record, that within ten days after the completion of the sale at which said land was sold, a list of the sales then made was returned to the clerk's office of the county court of said county according to law, and because the said deed is void on account of divers other informalities and omissions appearing from the records in said clerk's office and elsewhere, which

affect the validity of said tax-sale and deed. The bill prays that said deed may be declared void and of non-effect.

The defendant Cottrille answered denying that the plaintiff or any one for him at any time within one year from the date of the sale tendered or paid him any money in redemption of said land or that he had evaded such payment. The other material facts alleged by the plaintiff are not controverted, but the legal effect claimed for them by the plaintiff is denied.

Depositions were taken by the plaintiff and the defendant Cottrille, and on July 24, 1882, the court entered a final decree dismissing the bill and the plaintiff appealed.

The report of the sheriff of the list of real estate sold by him for the non-payment of the taxes thereon for the years 1873 and 1874 is exhibited with the plaintiff's bill and it appears therefrom that while the sale was made on December 20, 1875, the affidavit of the sheriff subjoined thereto was not sworn to until January 10, 1876, twenty days after the completion of the sales. And it does not appear from any note made by the clerk of the county court on said report, or otherwise, when said list of sales was filed in the office of said clerk. The affidavit of the sheriff is an essential part of his report and as that was not made until twenty days after the sale, it is certain that the report was not returned within ten days after the completion of the sales as the statute requires—Acts 1872–3 ch. 117 § 14. This provision is in effect the same as section 14 of chapter 31 of the Code, the only change being the substitution of the words, "clerk of the county court" in the former for the word "recorder" in the latter. And under this said provision of the Code this Court, in December, 1881, decided:

"1. It was the official duty of the recorder to note in his office the day on which the sheriff returned to his office his list of sales of lands for delinquent taxes and the certificate of the oath attached thereto.

"2. If he fail to make such note, so that his office did not show when such list was returned by the sheriff to the recorder's office, this omission is such a fact, appearing on the face of the proceedings of record in the office of the recorder, as renders invalid any deed he may have made to a purchaser of the land sold for such delinquent taxes.

" 3. If the recorder's office shows that this list of sales was not returned to the recorder's office for more than ten days after the completion of the sale, this is such an irregularity as materially prejudices the rights of the owner of the land sold and, therefore, vitiates any deed made to a purchaser of the land by the recorder"—*Barton* v. *Gilchrist,* 19 W. Va. 223.

But the counsel for the appellee insists that if it be conceded that a deed, made under the provision of chapter 31 of the Code, as was the deed in the case just cited, would be invalid for the omissions mentioned, still such would not be the effect in the case of a deed made under the provisions of chapter 117 of the Acts of 1872–3, as was the deed now in controversy. It is claimed that these respective statutes are wholly different and while a deed made under the former may be invalid a deed of the same character, and showing the same omissions, may be valid under the latter. In support of this position section 25 of the latter act is relied on.

This section provides that when the purchaser of land sold for taxes obtains a deed therefor according to the provisions of said act, it shall be valid, "notwithstanding any irregularity in the proceedings under which the said grantee claims title, unless such irregularity appear on the face of the proceedings of record in the office of the clerk of the county court, and it be such as materially to prejudice the rights of the owner whose real estate is sold *and it be clearly proven to the court or jury that such diligence has been exercised by the party in whose name it was sold, that but for such irregularity the said party would have redeemed the same under the provisions of the fifteenth and sixteenth sections of this chapter.*"

It will be observed that the only material change made by this section in the corresponding section of chapter 31 of the Code is by the addition of the words which we have italicised. The meaning and effect of these additional words were considered by this Court in *Williamson* v. *Russell,* 18 W. Va. 612, and while that case did not require an actual decision of the point, the subject was very fully discussed and the following conclusions announced: "Parol proof must, it seems to me, if we would not introduce a highly mischievous innovation, be excluded when we are enquiring, whether

an irregularity appearing of record is material and prejudicial to the owner of the land and prevented him from redeeming the same. He must, as every other man must, be supposed to know what appears of record in the clerk's office in reference to his land, and if what so appears was calculated to mislead him and prevent him from redeeming his land, we must conclude that it did so. We cannot permit parol proof on this subject to be introduced without rendering the validity of all tax-deeds far more uncertain than they were before the passage of this act of 1873, the obvious object of which was to render them more certain. * * * * The true construction is, that the courts must determine, whether the particular irregularity is such as would mislead a man of ordinary intelligence, and was calculated to prevent him from redeeming his land and thus materially prejudice his rights. If the irregularity was of this character and would materially produce this result, it vitiates the tax-deed; otherwise, it does not."—18 W. Va. 628–9.

The reasoning of the Court in that case and the conclusions then announced, seem to me to be necessary for the security and preservation of land-titles in this State and to harmonize the provisions of said act with the policy and purposes of our registration statutes. Any other construction, and especially one that would permit the introduction of parol proof to affect the validity of the sale or deed, would destroy all faith in tax-sales and prevent any person not a fool or most reckless adventurer from purchasing at such sales and thus not only sacrifice the land and deprive the State of the means of realizing her just revenues, but do incalculable injury by retarding and postponing indefinitely the improvement and development of such lands and the settlement of their titles. If parol evidence is admitted to prove that the owner was or was not prejudiced by an irregularity appearing of record, the owner might by such proof be deprived of his land, although it appeared by the record that the substantial requirements of the statute, which were prescribed and made for the protection and benefit of such owner, (notwithstanding such non-observance or non-performance are materially to the prejudice of his rights,) unless he can clearly prove that he has exercised such diligence that but for such irregu-

larity he would have redeemed his land.  The result of this would be that, although the records show such irregularities in the proceedings, on which the tax-deed is founded, as materially prejudice the rights of the land owner, and which under the law vitiate and render such deed void, yet said deed, notwithstanding its invalidity and absolute nullity, shall be held valid and effective against the true owner of the land, unless he can clearly prove that such irregularities prevented him from redeeming his land.  This simply means that, notwithstanding the tax-deed is positively void on account of defects apparent of record, yet it must nevertheless be held valid against the owner of the land unless he clearly proves by parol evidence that it is void or should be declared void.  Or on the other hand a deed which on its face and by the proceedings of record appears to be regular and valid may by such evidence be shown to be inoperative and void.  It cannot be presumed that such an effect was intended by the Legislature.  To so construe the act would be to render it obnoxious to our bill of rights and make it unconstitutional and void.  It would be to give it the effect of depriving the owner of his land without due process of law which cannot be done.  *Taylor* v. *Miles*, 5 Kan. 498; S. C. 7 Am. R. 558; *Peerce* v. *Kitzmiller*, 19 W. Va. 564; *Hart* v. *Henderson*, 17 Mich. 218; *Westervelt* v. *Gregg*, 12 N. Y. 209.

It seems to me, therefore, that we are not authorized to construe the said new provision of section 25 of chapter 117 of the Acts of 1872–3, as intended to permit the introduction of parol evidence to establish the validity or the invalidity of a tax-deed.  But that the legal construction and effect of said provision is to declare that the court or jury shall determine from the proceedings of record on which the deed is founded and from the face of the deed itself, whether or not any such irregularity appears thereon as would mislead a man of ordinary business capacity and was of such a character as would be calculated to prevent the owner from redeeming his land and thus materially prejudice his rights.  And if such irregularity thus appears, it must be conclusively presumed that the owner was thereby prejudiced and his rights materially affected and such deed must be held and declared void.

In *Simpson* v. *Edmiston*, 23 W. Va. 675, this Court held that the failure of the sheriff to return his list of sales within the time prescribed by section 14 of chapter 117, Acts of 1872-3, and the omission of the clerk to note in his office the date of the filing of such list in his office, rendered a deed made under the provisions of said act void, and that the effect of such failure and omission were the same under section 14 of said act as they had been held to be in *Barton* v. *Gilchrist* under section 14 of chapter 31 of the Code. That decision was based on the construction given to said section 25 in *Williamson* v. *Russell*, *supra*, which we have just approved and affirmed and which is conclusive of this cause. The list of sales in this case not only shows that it was not returned to the clerk's office within ten days after the sale as required by the statute, but it affirmatively shows that it was not sworn to for twenty days and could not therefore have been returned within the prescribed time. The said failure to return said list and the omission of the clerk to note in his office when it was filed would have vitiated and rendered void any deed that could have been made by said clerk to Cottrille for the land in controversy purchased by him at said sale. It likewise vitiates and renders void the deed made by the defendant Knight, commissioner, to said Cottrille for said land.

For the foregoing reasons, I am of opinion that the said decree of the circuit court entered on July 24, 1882, must be reversed with costs to the appellant. And this Court proceeding to pronounce such decree as the circuit court should have entered, it is adjudged, ordered and decreed that the said deed made by the defendant, Knight, as commissioner to the appellee, Cottrille, be and the same is declared void and of no effect whatever and that the plaintiff recover from said Cottrille his costs in said circuit court expended, and this cause is remanded to said court for such proceedings, if any, as may be necessary to restore the parties to the position they would have occupied in reference to the land mentioned in said deed in all respects as if said deed had never been made.

REVERSED.   REMANDED.