# CHARLESTON

## SMITH v. WHITE.

Submitted January 22, 1908.    Decided February 4, 1908.

1. JUDGMENT—*Res Judicata.*
   A judgment binds only parties and privies, not strangers to it. Against strangers it is not evidence to prove any facts involved in the judgment. (p. 475.)

2. SAME.
   The record and judgment in a proceeding to try the right of property levied upon under an execution by an officer, finding the property not to be the property of the debtor, is not admissible in an action by the successful claimant in said proceeding against the officer for damages for the seizure and detention of the property. (p. 474.)

Error to Circuit Court, Tucker County.

Action by D. A. Smith against H. E. White. Judgment for plaintiff, defendant brings error.

*Reversed.    New Trial Granted.*

R. D. HEIRONIMUS and C. W. DAILEY, for plaintiff in error.

C. O. STRIEBY and A. JAY VALENTINE, for defendant in error.

BRANNON, JUDGE:

D. A. Smith brought an action against H. E. White before a justice of Tucker county. The summons commanded the

defendant to answer in a civil action for money "due for damages for a wrong in which the plaintiff will demand judgment for $300 with interest and costs according to law." The plaintiff having recovered before the justice the case went by appeal to the circuit court, where the plaintiff recovered verdict and judgment, and the defendant appeals the case here.

The plaintiff says that we cannot look into the evidence, as the bill of exceptions does not identify it.    We think it does incorporate the evidence and identify it, taking the beginning and conclusion of the bill.

White as sergeant of the town of Davis had an execution in his hands in favor of The Beaver Creek Mercantile ·Co. against John C. Smith, which he levied on a horse and wagon as the property of John C. Smith, and D. A. Smith, wife of John C. Smith, claiming the property, brought this action against White to recover damages for the unlawful levy of the execution upon her property and for its detention, and recovered the judgment appealed from to this Court.

The exclusion of Plea 2 is a ground of error.    It is doubtful whether it is a part of the record. The order of the court rejecting it does not order it to be a part of the record, and according to *Sweeny* v. *Baker*, 13 W. Va. 158, it cannot be so considered; but as that order numbers the paper and calls it a plea, we think that under the liberal principles stated in *Hughes* v. *Frum*, 41 W. Va. 445, and *Kay* v. *Glade Creek*, 47 Id. 467, we can consider that plea. ˙ The rejection of that plea is plainly not error.    First, because the plea of not guilty covers a defense of the case, and this special plea was useless.    Second, because that plea said that the horse and wagon were taken and retained because White *believed* them to be the property of John C. Smith by virtue of an execution against his property.    That is to say, the pleas' only justification is that White *believed* the property to be that of John C. Smith.    No matter what White believed or thoght, his plea must aver that the property was, in fact, the property of John C. Smith.

The defendant moved to quash the summons for variance between it and the bill of particulars. ˙ Could that effect the summons?    The real objection is, that the summons claims for a wrong, a single one, whereas the bill claims for detention of

the horse for two periods, and for the wagon two periods. It seems that they were levied upon, then given up, then levied upon again. The levy, if not authorized, was a wrong, and several wrongs could be claimed from the two levies and detentions, as several torts may be sued for in one action. And by appealing probably this is waived, it being a general appearance. *C. & O. Ry. Co.* v. *Wright*, 50 W. Va. 653.

When the property involved was levied upon a contest arose as to its liability between the execution creditor, The Beaver Creek Mercantile Co., and Mrs. D. A. Smith and a litigation took place under chapter 50, section 151, Code, for the trial of the right of property involving the liability of the horse and wagon to the execution, which went by appeal from the justice's court to the circuit court, resulting in a decision in favor of Mrs. Smith declaring said chattels not so liable. Upon the trial of the action now before us between Mrs. Smith and White, the court admitted in evidence, over objection by White, the record of that former trial between The Beaver Creek Company and Mrs. Smith. This is obvious error. So long ago as 1808, the Virginia Court said in *Carter* v. *Washington*, 2 Hen. & Munf. 345, "There is no general principle of law that seems better settled than that no one shall be injured or affected by the event of any suit of which he was not a party; the reasons of which are laid down in all the books, and are too obvious to need repeating here." Authorities are found in 6 Ency. Digest, 283. On page 285 we find this: "The reason is obvious. He has no power to cross-examine witnesses, or adducing evidence in maintenance of his rights; in short, he is deprived of all means provided by law for ascertaining the truth, and consequently it would be repugnant to the first principles of justice, that he should be bound by the result of an inquiry to which he is altogether a stranger. Citing *Payne* v. *Coles*, 1 Munf. 373; *Turpin* v. *Thomas*, 3 Hen. & Munf. 139." "Persons who are not parties to a suit and not bound by the decrees entered therein cannot be prejudiced thereby." *Long* v. *Willis*, 50 W. Va. 341. White was not a party to that trial of property suit in any sense. He was merely a stake holder so to speak. Then is he in any sense a privy in estate, and thus bound by its finding? Privy in estate to whom? Surely not to Mrs. Smith, since he was claiming against her under the execu-

tion. He derived no estate from her. Her husband, John C. Smith, was a party, it is true, but White is not a privy in estate with him. As an individual White had no interest in that litigation, whereas this present suit involves his right, his individual right. White could make no defense to that suit. He could produce no evidence, employ no counsel, take no appeal. What title did he get from John C. Smith? A privy in estate is one who derives from another title to property. He comes in by succession to property by contract or law. It is identity of title. The privy in estate takes property under another. To make one person a privy in estate to another, that other must be predecessor in respect to the property in question from whom the privy derives his right or title, a mutual or successive relationship. White in his own right derived nothing from John C. Smith, and as an officer under the execution claimed against Smith, claimed *in invitum*, that is, against Smith's will, in hostility to him; or at least White took nothing by contract or by law in the way of estate from John C. Smith. 23 Am. & Eng. Ency. L. (2 ed. ) 101; 6 Words and Phrases, 5609. Another reason why White is not privy in estate with John C. Smith is, that this judgment was rendered after the right of White as mere officer (he had none other) had accrued, and it is settled law that a privy in estate is not bound by a judgment against him from whom he derives his estate after he derives it. *Maxwell* v. *Leeson*, 50 W. Va. 362; *Orthwein* v. *Thomas*, 127 Ill. 555. A few cases coming near the exact point here involved have been found. One is *Armstrong* v. *Harvey*, 11 O. St. 527, wherein it was held, under a statute similar to ours concerning trial of right of property, that a judgment and finding of a justice in favor of the claimant, and his order for its restoration to the claimant, made in a trial of the right of property levied in execution, is not conclusive of the rights of said property in said claimant in a subsequent action for its wrongful caption and conversion, brought by the claimant against the plaintiff in the execution and the constable who, in disregard of such order, had sold the property on execution. The court said that the constable would not be prevented by the judgment from contesting the title of the claimant. In *Patterson* v. *State*, 91 Ala. 58, an officer in arresting a man for disorderly conduct struck him with his

baton and was convicted of assault and battery.  On the trial the record of the acquittal of the party so arrested was given in evidence against the officer.  The supreme court held that it - was not admissible.  The court said that judgments are legal evidence between parties and privies; but to come within the rule the parties must be the same or there must be privity in law with those that are parties.  "This rule applies only to cases in which the parties are the same, or where the parties to the second suit are, in law, privy to those in the first.  The most solemn judgment is not even evidence against a third person, stranger to the suit in which it is rendered."  When it was said in the Ohio case that the judgment is not conclusive I understand it to mean that it was not admissible, because if it has any force it must have conclusive force.  Thus, that record was not admissible.  It must have been extremely hurtful to White's case, because the jury likely took it, as they had a right to take it when it was admitted, as conclusively deciding that the property was not property of John C. Smith and not liable to the execution.

Numerous questions were put in this case which the court refused to allow to be answered.  No bill of exceptions points them out, nor does the motion for a new trial specify them, it being very general without specification of grounds. We cannot consider the propriety of the questions.  *Kay* v. *Glade Creek Co.*, 47 W. Va. 467.  Nor do the counsel in their briefs point them out, saying they are too numerous to specify; that is to say, counsel do not tell us what questions ought to have been aswered, nor what the ground of complaint, but leave the Court to grope through the volume of oral evidence in quest of the material ones.  This will not do. *Hughes* v. *Frum*, 41 W. Va. 445.  If the exclusion or admission of evidence is one of the grounds for a new trial, it ought to be made certain by bill of exceptions or specification in the motion for a new trial, or at least in the brief of counsel; but in this case the brief of counsel expressly declines to point out these questions.  Moreover, it does not appear what it was expected to prove by answers to those questions, and for this reason we cannot consider them. *State* v. *Clifford*, 59 W. Va. 1.  Counsel points out, by reference to page and subject, the ruling out of evidence already given of Mrs. Smith tending to show that her husband pur-

chased the wagon, and that it was shipped in his name to him. As this evidence tended to show ownership in her husband, it was proper to go before the jury for its consideration, and it was error to rule it out.

The defence asked to give in evidence two orders of a reference in bankruptcy in a proceeding in which John C. Smith was adjudged a bankrupt. One order states that Smith had been adjudged a bankrupt upon his petition and had in it claimed certain property as exempt, and that certain of the scheduled property had been levied upon by White as sergeant of said Beaver Creek Company, and prayed its return to him, and the order was that White release the horse and wagon, until the further order of the court. Mrs. Smith was not a party to the bankrupt case, and is not bound by said order. If it was intended to show that John C. Smith set up title, that would not bind his wife. His declaration that it was his property would not effect her title. If it is claimed to contradict the evidence of Smith that the property was his wife's, the petition should have been presented, not a mere recital to that effect, inferentially, of the referee in the order. A second order of the referee directed the officer, supposably White, to retake into his possession the property to await the order of the bankrupt court. Neither order decided the property to be John C. Smith's. They were provisional dispositions of the property to await the determination of the court. But as said above Mrs. Smith was not a party, and not bound by the orders.

Our conclusion is to reverse the judgment, set aside the verdict, and remand the case for a new trial.

*Reversed. New Trial Granted.*