# CHARLESTON

## STATE v. MORGAN *et al.*

Submitted June 24, 1914. Decided October 13, 1914.

1.  TAXATION—*Nonpayment of Taxes—Forfeited Lands—Transfer of Title—Possession.*

    To co-operate with other essential requisites of §3, Art. 13, Const., to transfer title to lands held under patent and forfeited for non-entry and non-payment of taxes, it is essential that the claimant under the first and third classifications of the constitutional provision must have had actual possession of so much of the forfeited lands as he claims title to under such section. (p. 94).

2.  SAME—*Nonpayment of Taxes—Forfeited Lands—Titles of Claimant.*

    The claimant under the second classification of §3, Art. 13, Const., must deraign title from the commonwealth of Virginia or this state. (p. 94).

3.  SAME—*Nonpayment of Taxes—Forfeited Lands—"Actual Possession."*

    . The possession of an owner who under color of title enters upon lands which include within their exterior boundaries part of a tract title to which vested in the state by forfeiture, and for ten years actually occupies portions of the inclusive tract but no part of the forfeited land, being actual as to such portions, will be held and treated, under §3, Art. 13, Const., as actual possession of so much of the forfeited tract as is included within the bounds of the larger area not in actual or virtual possession of the state, the former owner or others claiming under them. (p. 94).

4.  SAME—*Nonpayment of Taxes—Title of Forfeited Lands.*

    Title to lands forfeited for non-entry and non-payment of taxes vests in the state as the true and exclusive owner; and she can not

be divested of such title except in the manner required by law. ·(p. 94).

Appeal from Circuit Court, Logan County.

Suit by the State against G. W. Morgan and others. From decree for plaintiff, defendant Mingo Coal Company appeals.

*Reversed and Remanded.*

*Vinson & Thompson, John H. Meek, Joseph S. Clark* and *H. A. McCarthy,* for appellant.

*Chafin & Bland* and *Lilly & Shrewsbury,* for the State.

LYNCH, JUDGE:

The Commonwealth of Virginia, on January 3, 1860, issued to Thomas E. Browning patents for 112 and 34 acres of land now located in Logan county. Browning, in 1869, conveyed both tracts to Peter D. Morgan. To sell the lands for the benefit of the general school fund, because forfeited for non-entry and non-payment of taxes since the year 1893, the State brought this suit.

As originally instituted, the only defendants were the heirs of Browning's grantee. They answered, admitting the forfeiture, and prayed permission to redeem under the provision of §17, ch. 105, Code 1913. Thereafter the Mingo Coal Company and the United States Coal & Oil Company, corporations, tendered their joint and separate petition, and, therein invoking the provision of §3, Art. 13 of the Constitution, the former claimed so much of the forfeited lands as might by survey be found to be within the exterior boundaries of the 9,129 acres conveyed to it by E. C. Clark and others, trustees of the Flat Top Land Association, by deed of May 1, 1895; the latter, so much thereof as likewise might be found to be within the exterior boundaries of the thirty thousand acres conveyed to it by Thomas I. Harvey and others by a deed the date of which is not given. While both companies in their petition aver derivation of title from the Commonwealth of Virginia and from this State, neither of them exhibit or by competent evidence prove any grant or patent emanating from either source. The sole proof of title to the tracts

claimed by petitioners is the deed to the Mingo Coal Company from the trustees.

From the decree granting leave to the Morgan heirs to re-deem from forfeiture and the consequent denial of relief to the petitioners, the Mingo Coal Company alone appealed.

That 74.89 acres, part of the 112 acre tract, are within the lands conveyed to appellant is virtually conceded, indeed clearly proved by survey and the map thereof exhibited with the record. With the exception of one year, appellant has regularly paid all the taxes charged to the 9,129 acres since it acquired title thereto in 1895. As neither the residue of the 112 acres nor any part of the 34 acres is involved in this review, the latter because not definitely located or identified, our investigation is necessarily limited to the inquiry as to the paramount claim or title to the 74.89 acres.

Because of its failure to deraign title ''mediately or immediately'' from Virginia or this state to any part of the large boundary and consequently to the 74.89 acres, appellant evidently does not fall within the second classification of persons entitled to claim a transfer of the state's title to any part of the forfeited lands under the section relied on. To effect a transfer under that classification of the section, the claimant must trace its title to a grant or patent as therein provided. *State* v. *Moore,* 71 W. Va. 285.

Can appellant claim a transfer under either of the two remaining classifications? Both require color or claim of title, payment of taxes thereunder, and actual possession continued five years under one, ten years under the other. As observed, its deeds furnish color of title; it has paid the taxes; and as to the final requisite, actual and continuous possession for the required period, appellant urges full compliance on its part. That it had held actual, visible possession of certain portions of the 9,129 acres continuously for a period of ten years or more prior to entry of the decree appealed from, is sufficiently proved. Its lessees entered thereon, constructed the necessary appliances for mining and marketing coal; built houses for the use of their employees, who occupied them, cleared and tilled parts of the adjacent lands, and continued in such occupancy during the operation of the mines. When these operations

had ceased, and the lessees had retired from the lands, appellant's agents remained in the houses on the land, charged with the duty of protecting them against intruders and trespassers. At what points and to what extent the lands were thus occupied, and whether near the 74.89 acres or on parts of the land remote from them, as on so large an acreage they obviously could be, are questions as to which there are no data enabling us to determine them. The acreage in dispute is located at or near the extreme southeastern corner of the large survey; and appellant admits it had not, prior to the decree, exercised any visible acts of ownership on any part of it, except the occasional cutting and removal of the timber, and of this the proof is meager and inconclusive. Indeed, it seems reasonably certain that, while timber may have been cut near it, none was cut on it.

But appellant insists that its possession and occupancy of any part of the 9,129 acres is sufficient possession of the 74.89 acres, on the theory that possession of a part of a tract conveyed by metes and bounds is possession of the whole tract and every part of it. Whether, as applied to the facts detailed, appellant's contention is meritorious and controlling is the sole question arising upon this review; because an affirmative answer necessitates a reversal, a negative answer an affirmation, of the decree.

The record affords no information as to whether Browning, his grantee Morgan, or Morgan's heirs, had possession of any part of the 112 acre tract, either prior or subsequent to the forfeiture, except such possession as follows in the wake of the legal title. But, if they had such titular possession, it could not, however long continued, affect the state's title acquired by forfeiture. The forfeiture divested them of their title and the right to possession thereunder, and vested both in the state as the true and only owner. They could not thereafter, by adverse possession or by transfer under clause 3, re-acquire the lost title. *Staats* v. *Board,* 10 Gratt. 400; *Levasser* v. *Washburn,* 11 Gratt. 572; *Lewis* v. *Yates,* 62 W. Va. 575; *State* v. *Harman,* 57 W. Va. 447; *State* v. *King,* 64 W. Va. 545. That clause expressly excludes them. This case, however, proceeded to final decree apparently upon the

assumption that the claimants under the patents or grants from Virginia have not at any time actually occupied either tract. As to the 34 acres they evidently did not, because the disputants were unable to identify or locate it by survey or otherwise. Its identity and location successfully eluded diligent search and inquiry.

So no interest or right of the Morgan heirs in the 74.89 acres as former owners conflicts with those claimed therein by appellant; not even the redemptive rights under §17, ch. 105, Code. The latter right ceased after transfer of the state's title to appellant under § 3, Art. 13 of the Constitution. The right of redemption from forfeiture is subservient to the rights of him to whom, upon compliance with her conditions, the state proffers her bounty under that constitutional provision. *State* v. *Garnett,* 66 W. Va. 106.

As we have seen, appellant in two respects is in position to take title under §3 of Art. 13. What, then, is the actual possession which that section demands as indispensable to effect a transfer? If appellant's possession was actual, it had the required continuity. As applied in ejectment, actual possession means actual occupation within a claim of ownership. *Garrett* v. *Ramsey,* 26 W. Va. 345, wherein it is said: "The true or apparent owner dwelling upon his farm by himself or his tenant, is as truly in the actual possession of his waters and unimproved woodland, however extensive they may be, as he is of his pastures, fields and gardens or that part of his land covered by his residence. The extent of his actual possession is coextensive with and limited only by his title or color of title under which he claims". "One who enters upon land under color of title is presumed to have entered in accordance therewith, and therefore his actual possession of a portion of the property will by presumption of law be constructively extended to the boundaries defined by his color of title, except in so far as the land so included is in the adverse possession of another". 1 Rul. Cas. Law 727; *Olinger* v. *Shepherd,* 12 Gratt. 462; *Moore* v. *Douglass,* 14 W. Va. 708; *Core* v. *Faupel,* 24 W. Va. 238; *Adams* v. *Alkire,* 20 W. Va. 480; *Oney* v. *Clendenin,* 28 W. Va. 35; *Coal Co.* v. *Howell,* 36 W. Va. 490; *Maxwell* v. *Cunningham,* 50 W. Va. 298. Title

draws after it possession of property not in the adverse possession of another.  *Olinger* v. *Shepherd, supra.*

To establish the existence of actual possession, it is essential to show dominion over the land, by use, enjoyment, and receipt of the usufruct therefrom (*Webber* v. *Clarke,* 74 Cal. 11) ; or an entry on it and occupation of it.  *Land & Trust Co.* v. *Parker,* 33 Neb. 775.  It requires less notoriety, and the exercise of less frequent acts of ownership, to establish actual possession under color than under claim of title.  *Hodges* v. *Eddy,* 38 Vt. 327; Sedgwick & Wait, Trial of Title to Land, §771.  The exercise of control over unenclosed timber lands, by working thereon at times, and excluding interference therewith by others, constitutes actual possession.  *Allaire* v. *Ketchum.* 55 N. J. Eq. 168.  And where an occupant enclosed, cleared and improved part of a tract under color of title, with occasional cutting of timber from the part not enclosed, it was held his actual possession extended to the bounds of the whole tract.  *Munro* v. *Merchant,* 28 N. Y. 9.  As already observed, there was no possession of any part of the 112 acres having any of the elements of hostility to appellant's possession, not even that possession which title carries with it. That title and that possessory right vested in the state upon the forfeiture resulting from nonentry.

Evidently, then, the principles announced in *Chilton* v. *White,* 72 W. Va. 545, *Camden* v. *Lumber Co.,* 59 W. Va. 148, *Robinson* v. *Lowe,* 66 W. Va. 665, and *Pardee* v. *Johnson,* 70 W. Va. 348, do not apply here.  In each of these cases, while not actual, the possession was that which the tile gives; no actual possession impinged upon it.  But, as the Pardee case holds, ''in the absence of actual adverse possession, constructive possession follows the older or better title to the full limit of the claimant's boundaries''.

What process of reasoning, then, warrants the conclusion that, where there is no other possession delimiting it, not even a titular one, appellant's actual possession on other portions of its 9,129 acres shall not be deemed and treated as the actual possession of the entire acreage embraced by the boundaries of its title papers?  It is the state's land and her possession that are involved.  This litigation concerns the

interest of no other person. She alone has interests to be affected. The Morgan heirs have, and can have, none, if by §3 of Art. 13 the state's title is transferred to appellant. Clearly, we think, its possession falls within the meaning of the constitutional provision, and is actual as to the 74.89 acres. So concluding, we reverse the decree, and remand the cause.

*Reversed and Remanded.*