# CHARLESTON.

STATE v. UNITED STATES COAL AND OIL CO AND W. T. VANCE AND OTHERS.

Submitted April 13, 1920.   Decided April 20, 1920.

1. ADVERSE POSSESSION—*Quitclaim Deed Good Color of Title.*

    A quitclaim deed, describing by metes and bounds the land remised, is good color on which to base a claim of title, regardless of whether or not the grantor appears to have any interest in, or title to the land.   (p. 258).

2.   TAXATION—*Claimant Under Quitclaim in Possession and Paying Taxes Held Vested With State's Title to Forfeited Land.*

A claimant under such deed, who has had actual possession of some part of the land included therein, and has paid the taxes on the whole thereof for ten years, becomes vested with the state's title to all lands included therein, which have been forfeited to the state and not redeemed nor occupied by any other claimant, although such claimant's actual possession is not on any part of the forfeited lands.   (p. 259).

Appeal from Circuit Court, Logan County.

Proceeding by the State against the United States Coal & Oil Company and W. T. Vance and others to sell forfeited tracts for failure to have them entered on the land books, with petition by the United States Coal & Oil Company claiming title. Cause referred to a commissioner, and decree, according to his findings, in favor of the United States Coal & Oil Company, and dismissing the State's bill, and W. T. Vance and others appeal.

*Affirmed.*

*Butts & Deegan, Maynard F. Stiles* and *Blue & McCabe,* for appellants.

*Chafin & Bland,* for the State.

WILLIAMS, PRESIDENT:

This is a proceeding by the state under ch. 105 of the Code to sell two tracts of 20 and 32 acres of land, respectively, alleged to be forfeited in the name of Washington Vance for failure, for five consecutive years since 1869, to have the same entered on the land books. The heirs of Washington Vance, now deceased, were made parties defendant and answered the bill, admitting the forfeiture and praying that they might be permitted to redeem the land. The United States Coal and Oil Co. also filed a petition, claiming title under section 3, Article 13 of the Constitution, by virtue of a deed from George F. Miller and others to the Island Creek Coal Co., a corporation, and the deed from said Island Creek Coal Co., to the petitioner, made in 1902 and its payment of the taxes thereon, and actual possession of the land since said time, which is a period of more than ten years. Later said company filed its amended petition, claiming said land under two other deeds, one from Thomas H. Harvey et als.,

dated the 20th of June, 1903, and another from John F. Aldridge, dated 24th of October, 1902. The cause was referred to a commissioner to take evidence and make a report of certain matters. He did so and reported that the two tracts were forfeited in the name of Washington Vance and that the petitioner was entitled to claim the benefit of the forfeiture. Exceptions were taken to the commissioner's report by the heirs of Washington Vance, which the court overruled and decreed, according to the finding of the commissioner, that petitioner, the United States Coal and Oil Co., had title to said two tracts of land in fee and dismissed the state's bill, and from that decree this appeal was taken by the heirs of Washington Vance.

It appears from evidence taken before the commissioner that the two tracts of land lie on Middle Fork of Island Creek in Logan County and were patented in 1879 to Washington Vance, assignee of one A. Lawson, warrantor under the Commonwealth of Virginia. The deeds under which the United States Coal and Oil Co: claims title cover a large boundary of land, and some of them are shown to embrace the forfeited tracts, and it claims it has been in possession and paid taxes on all the land covered by his deeds from, and including, the year 1903 down to, and including, the year 1914. There is really no controversy respecting its title to the 20 acre tract, but counsel for appellants insist that it is not proven that said company has ever had actual possession of the tract of 32 acres, which the evidence shows was unenclosed, unimproved and covered with timber. On the other hand counsel for said company contend that it has had possession of other portions of its large boundary of land which embraces said 32 acre tract, under a quitclaim deed from Thomas H. Harvey and others, covering its entire boundary of land on Island Creek and that possession of a part of its boundary extends to the whole and fulfills the requirement of section 3, Article 13 of the Constitution. In other words, that its claim under said deed as color of title, and actual possession of a part of its boundary, and payment of the taxes on the whole thereof since 1903, is sufficient to vest in it the state's forfeited title to any land in the boundary. Answering this proposition counsel for the Vance heirs insist that the quitclaim deed from said Harvey et als. is not color of title to a greater estate than said

Harvey et als. actually had in the land, and there is no proof
that they had any interest or estate in the land whatever, and
counsel cites some authorities from other states supporting his
contention.  But this is not the law in this state, or in Virginia.
The principal purpose of color is not to show actual grant of
the land or of any interest therein, but is to designate the bound-
ary of plaintiff's claim.  *Goad* v. *Walker,* 73 W. Va. 431;
*Swann* v. *Thayer,* 36 W. Va. 46; *Mullans, Admr.* v. *Carper.* 37
W. Va. 215; *Lloyd* v. *Mills,* 68 W. Va. 241, expressly holds that
a quitclaim deed is good color of title on which to base adversary
possession under the statute of limitations.  See also *Johnston*
v. *Virginia Coal and Iron Co.,* 96 Va. 158.  In addition, see
*Hall* v. *Waterman,* 220 Ill. 569, 4 L. R. A. (N. S.) 776, and
cases cited in note.  It is also generally held that, where the
quitclaim is only of such interest as the grantor may have in
the land, its value as color is not affected by the absence of any
showing that he had some interest.  See cases cited in note to
*Hall* v. *Waterman,* 4 L. R. A. (N. S.) at p. 777; and 2 C. J.
186.

Possession of the 32 acres by the United States Coal and Oil
Co; sufficient to satisfy the requirements of the Constitution and
sec. 40, ch. 31, Code, and vest in it the state's title thereto is
likewise settled by the decisions of this court.  *State* v. *Morgan
et als.,* 75 W. Va. 92.  In that case it was expressly held: "The
possession of an owner, who, under color of title enters upon
lands which include within their exterior boundaries part of a
tract, title to which vested in the state by forfeiture, and for
ten years actually occupies portions of the inclusive tract, but
no part of the forfeited lands, being actual as to such portions,
will be held and treated, under section 3, Art. 13, Const., as
actual possession of so much of the forfeited tract as is included
within the bounds of the larger area not in actual or virtual pos-
session of the state, the former owner or others claiming under
them."  A like holding was made in *State* v. *Haymond et als.,*
84 W. Va. 300, 100 S. E. 81, where we held that actual and con-
tinuous possession of any one of contiguous, forfeited tracts or
lots, under color of title including all of them is possession of
all the lots, within the meaning of section 3 of Article 13 of the
Constitution.  The quitclaim deed from Harvey and others

gives the exterior boundary line of all the U. S. Coal and Oil
Co's. land on Island Creek and its branches, and it is proven
that it includes both forfeited tracts of 32 acres and 20 acres,
respectively, and that said company has been in actual continu-
ous possession of portions of its boundary for more than 10 years
prior to the institution of this proceeding, and that it has paid
all the taxes charged against all of its lands during the period of
its possession. This, in view of our decisions above cited, shows
it has complied with the Constitution and section 40, ch. 31 of
the Code, and has acquired the state's title. The fact that the
forfeited tracts are not shown to have been charged on the land
books to said company as separate tracts does not affect its
rights, they were not conveyed to it as such. Its engineer, M.
R. Rice, testified that he is familiar with the exterior boundary
lines of the company's land, knew the location of the 20 and 32
acre tracts, that they were included within said exterior bound-
ary and were not included within the boundary of certain tracts
within the boundary described in the quitclaim deed but which
were expressly excluded from the operation thereof, and that the
acreage on which the company paid taxes included the two for-
feited tracts.

We affirm the decree.

*Affirmed.*