# CHARLESTON.

## LEACH v. WEAVER *et al.*

Submitted September 3, 1924.     Decided September 9, 1924.

1. TAXATION—*Recording of Delinquent List Without Oath Ineffective; Tax Deed Based on Defective Delinquent List Removable as Cloud on Title.*

   The list of lands delinquent for nonpayment of taxes, required by law to be recorded by the clerk of the county court in a well-bound book kept for the purpose is the list prescribed in section 21 of chapter 30 of the Code to which the oath of the sheriff or collector must appear as provided in that sec-

tion. Without the oath the list is not effective, and, if recorded without the oath, the requirement of the statute is not met, and a tax deed based on such a list so recorded may be removed as a cloud on the landowner's title.   (p. 75).

(Taxation, Cyc, p. 1297).

2.   SAME—*Failure to Record Delinquent List With Statutory Oath of Sheriff or Collector Not Cured by Curative Act.*

Failure to record the delinquent list with the statutory oath of the sheriff or collector thereto is such a defect in the jurisdictional proceedings as is not cured, after the deed is made, by section 25, chapter 31, of the Code.   (p. 75).

(Taxation, 37 Cyc, p. 1380).

3.   SAME—*State Auditor's Certificate Held Not to Cure Defective Recordation of List nor Render Tax Deed Effective to Convey Title.*

Nor will a certificate from the state auditor, recorded in the clerk's office after the tax deed is made, showing that the sheriff or collector did in fact append to a delinquent list made for the year in which the land was delinquent the statutory oath as appears of record in his office, cure the defective recordation by the county clerk of what is termed the delinquent list in the well-bound book kept for such purpose in his office, nor will it make the tax deed effective to convey title.   (p. 77).

(Taxation, 37 Cyc, p. 1479).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Case certified from Circuit Court, Barbour County.

Suit by Ora A. Leach against Alva D. Weaver and others. Motion to reject answer as insufficient was sustained, and the questions arising on sufficiency of the answer were certified.

*Ruling affirmed.*

*Hugh S. Byrer,* for plaintiff.
*Wm. T. George,* for defendants.

LIVELY, JUDGE:

One purpose of the bill is to set aside a tax deed to plaintiff's land consisting of about 23 acres in Philippi District, Barbour County, and to cancel the same, together with a deed from the grantee in the tax deed to defendant conveying the same land , as a cloud on plaintiff's title.   By the amended

bill it is charged that the delinquent list for non payment of taxes for the year 1912, the year in which the taxes are claimed as being delinquent on plaintiff's land, and by reason of which delinquency the tax sale was made, contained no certificate of the Clerk of the County Court showing that the delinquent list had been presented to the County Court by the sheriff or collector at the levy term, or that the same was found to be correct or incorrect by the County Court, or that the Clerk had been directed by the County Court to certify copies thereof to the State Auditor, as required by Section 24, of Chapter 30 of the Code; that the rights of the plaintiff were prejudiced by that and other irregularities pointed out, and that the purported delinquent list was misleading to the owner and prevented him from redeeming the same as provided by law and was no notice of the alleged delinquency; and that there was no oath appended to the delinquent list by the sheriff or other collector, as required by Section 21 of said above mentioned chapter of the Code.

An answer to the amended bill denies that there was no oath attached to the delinquent list, such as is required by law, but says that it may be true that there was not a certificate upon the delinquent records kept in the County Court Clerk's Office at the time of the filing of the amended bill, but since that time the proper recordation has been made showing the oath of the sheriff appended to the delinquent list and showing that said list was duly and regularly presented by the sheriff to the county court and approved by that court, and there is exhibited therewith a certificate from the Auditor of the State of West Virginia certifying that the records of the Auditor's Office contain a delinquent list with the oath of the sheriff appended thereto and notation thereon that it had been regularly presented to the County Court at its levy term in the year 1912 and approved by that body. This certificate from the Auditor has been duly recorded in the County Clerk's Office, and the answer says that the irregularity, if any ever existed, has been cured. The answer says that the delinquent list was regularly returned and presented to the county court by the sheriff, and that his oath thereto was properly attached and that the same was proper-

ly submitted to the court, approved by it, and that there are no defects or irregularities which would render the tax deed void.

The court sustained a motion to reject the answer as insufficient, and upon joint application of the parties the questions arising upon the sufficiency of the answer were certified to this court for review.

The principal questions certified are answered in *Ritchie Lumber Co.* v. *Nutter,* 66 W. Va. 444, and repeated in *Shrewsbury* v. *Horse Creek Coal Land Company,* 78 W. Va. 182, and referred to in the written opinion of the trial court. These cases held that the list of lands delinquent for non payment of taxes presented to the County Court by the sheriff or collector at its levy term in the year in which the taxes are unpaid must be recorded by the Clerk in a well bound book kept in his office for that purpose, as required by Section 24, of Chap. 30 of the Code, and thereby made a part of the proceedings of record in his office affecting tax sales; and that a failure to record the delinquent list by the Clerk is such a defect in the proceedings prior to the sale, jurisdictional in their character, which is not cured by the curative provisions of Sec. 25, Chap. 31 of the Code. It would serve no useful purpose to repeat or amplify the reasons given for these conclusions. To do so, would be useless repetition.

It appears from the bill, answer, and exhibits that what purported to be a delinquent list for non payment of taxes for the year 1912, the year in which the land was claimed to be delinquent and for which alleged delinquency it was afterwards sold, was recorded by the Clerk. The defect in the paper recorded is that it does not have the name of the sheriff thereon nor the affidavit required by Sec. 21 of Chapter 30 of the Code, to the effect that the list is correct, just, and that the sheriff has received no part of the taxes and has used diligence to find property on which to distrain for collection. However, there is exhibited with the answer to the amended bill a certificate from the Auditor of the State giving a true copy of affidavit and of the certificate of approval of the County Court attached to the 1912 list of delinquent lands for Barbour County, as appears from the records on file in his office. This certificate from the Auditor

was recorded in the County Clerk's Office after the tax deed was made; and it is argued that the recordation of this certificate from the State Auditor cures the defect in the proceedings to sell the land for taxes. A delinquent list which does not contain the statutory affidavit by the sheriff or collector is not a delinquent list, and a sale made in pursuance thereof is void, and the deed made in pursuance of such sale is ineffective. *McGee v. Sampselle,* 47 W. Va. 352, 34 S. E. 815. The recordation by the Clerk of this paper purporting to be a delinquent list for the year 1912 without the statutory affidavit is not a recordation of a delinquent list, and is not a compliance with a mandatory and necessary jurisdictional step. It may be said that there is no delinquent list recorded in the County Clerk's Office for the year 1912; it is at best an abortive attempt to do so. That there was such a record in the Auditor's Office is not sufficient. It must appear of record in the County Clerk's Office where the records of muniments of title to land are kept. The recordation of the certificate from the Auditor's Office after sale cannot cure this defect. The failure of the record to show a recordation of the delinquent list in the clerk's office is presumed to have prejudiced the land owner. *McCallister v. Cottrille,* 24 W. Va. 173; *Williamson v. Russell,* 18 W. Va. 612. It is argued by defendants that the sheriff did actually make a proper delinquent list and append the statutory affidavit thereto, which was filed with the Clerk for recordation, and that the filing of this paper with the Clerk is superior to the recordation thereof, and that from the time it was so filed it gave notice to all persons concerned of its existence whether recorded or not. To support this argument cases are cited to the effect that where a deed or other paper properly acknowledged and admissible to record is filed with the county clerk it is notice to the world of what it contains, even before it is spread upon the records. That would be true as to the recordation of deeds and like papers under the recordation statute, which provides such papers shall be void as to creditors and subsequent purchasers for valuable consideration without notice except from the time they are duly admitted to record. The clerk always notes upon the paper the time it is filed and admitted to record. The filing of the de-

linquent list with the clerk is not sufficient. It must be recorded, else the tax deed based upon the alleged delinquency is not valid. *Ritchie Lumber Co.* v. *Nutter, supra.*

Under the general recordation act a deed to be constructive notice to creditors and subsequent purchasers must be duly acknowledged or proven before it is recorded. *South Penn Oil Co.* v. *Blue Creek Development Co.*, 77 W. Va. 682, 88 S. E. 1029. The principle expressed by all of the opinions of this court as well as by the text writers and decisions of other courts is that the validity of a tax title depends upon a strict compliance with the statute. *Koontz* v. *Ball*, 96 W. Va. 117, 122 S. E. 461. All statutes of this character are strictly construed. No proper delinquent list has been recorded by the Clerk for the delinquencies for the year 1912 in the County of Barbour, and the statute has manifestly not been strictly complied with; and, as above suggested, the effort to cure this defect by recordation of a copy from the State Auditor's Office after the sale was made and the deed executed, cannot cure the defect so as to give validity to the deed.

The answer to the amended bill is insufficient, and we affirm the ruling of the lower court.

*Ruling affirmed.*