# CHARLESTON.

TALBOTT *v.* WOODFORD *et al.*

Decided December 8, 1900.

48  449
52  622
52  635

48  449
53  528
53  530

48  449
60  142

1. CO-TENANT—*Ouster—Recovery Barred.*

    Acts of exclusive ownership by one of two co-tenants, such as the open sale, conveyance, and delivery of possession thereunder of the whole subject-matter, amount to a complete ouster of the other co-tenant, and unless he brings suit within ten years thereafter his right of recovery will be barred by the statute of limitations. (p. 451).

2. RUNNING OF STATUTE—*Infant Heirs.*

    If, after the right of action has accrued and the statute of limitations has begun to run, such ousted co-tenant dies, leaving infant heirs, the statute continues to run, and their rights are barred, notwithstanding their disability, in the same number of years as would bar their ancestor. They do not inherit the land, but a mere limited right of action, with days already numbered; and, unless they or their friends take the necessary legal steps to save the same within the period fixed by statute, their right of action is forever lost. (p. 452).

3. PLEADING—*Facts Shown.*

    A bill carefully drawn may show facts sufficient to sustain the bar of the statute of limitations. (p. 451).

4. REVIEW ON APPEAL—*Incompetent Testimony.*

    Incompetent and inadmissible testimony will not reverse a

decree when the uncontroverted facts in the bill are sufficient to sustain it.  (p. 451).

Appeal from Circuit Court, Barbour County.

Bill by Emma C. Talbott against John F. Woodford and others.  Decree for defendants.  Plaintiff appeals.

*Affirmed.*

J. Hop Woods, for appellant.

W. T. Ice, for appellees.

Dent, Judge:

Emma C. Talbott complains of a decree of the circuit court of Barbour County dismissing a bill in chancery filed by her against John F. Woodford *et al.*

The facts in the case, as appear from the competent and incompetent evidence, are as follows, to-wit: By deed dated the 16th day of October, 1876, Henson L. Stout conveyed to John F. Woodford and D. D. Campbell, father of plaintiff, who is his only heir at law, the tract of land in controversy in consideration of five hundred and twenty dollars.  Campbell afterwards agreed that Woodford should pay the purchase money and keep the land, but did not make any deed therefor, but gave Woodford a receipt for ten dollars consideration for the release of his bargain, which was lost.  Woodford took possession of the land and Campbell on the 10th day of April, 1877, left the State.  The last that was heard of him was in the year 1881, in Texas.  In the year 1885 Woodford sold and conveyed the land to Joseph M. Dadisman for six hundred dollars after having sold the timber on the land, in 1884, for two hundred and fifty dollars.  Dadisman failing to pay the purchase money, Woodford had it sold and bought it in, receiving a deed from the commissioner of the court on the 16th day of August, 1887.  He then, on the 16th day of March, 1888, sold and conveyed the land to V. W. Kittle.  He failing to pay for the land, Woodford brought suit, which was compromised, and Kittle by deed dated the 1st day of January, 1897, conveyed the land back to Woodford.

The plaintiff the sole heir at law of Campbell, was born on the 11th of June, 1874.  She arrived at her maturity the 11th of June, 1896.  After Kittle deeded the land back to Woodford in

the year 1898, she brought this suit for partition of the land and an accounting of the rents and profits, claiming by virtue of her heirship to be a co-tenant with Woodford.

Woodford answered the bill setting out the facts aforesaid, and alleges "that since the purchase of said tract of land respondent has been paying taxes thereon and the same has been taxed in his name and all other expenses connected therewith have been paid by him, and he has had the actual adverse possession thereof since the 16th day of October, 1876." This is a sufficient compliance with the rule of pleading the statute of limitations as laid down in *Tazewell* v. *Whittle,* 13 Grat. 329, and approved by this Court in the case of *Humphrey* v. *Spencer,* 36 W. Va. 11, 16, to the effect that "Anything in an answer which will apprise the plaintiff that the defendant relies on the statute of limitations is sufficient, if such facts are stated as are necessary to show that the statute is applicable." 13 En. Plead. & Prac. 217; *Smith* v. *Pattie,* 81 Va. 654; *Smith* v. *Brown,* 44 W. Va. 342.

Plaintiff objects to the competency of certain evidence introduced by the defendant, and also to the reading of the deposition of H. L. Stout for want of sufficient notice of the taking of the same. If the decree of the circuit court, independent of this deposition and the incompetent testimony is right, plaintiff was not harmed thereby and may not complain thereof. *Ball* v. *Stewart,* 41 W. Va. 654; *Kimmel* v. *Shroyer,* 28 W. Va. 506; *Watkins* v. *Wortman,* 19 W. Va. 78. The possession of one tenant in common is the possession of both or all. Such possesion therefore can never be adverse until there is an actual ouster of the co-tenants or some act deemed by law equivalent thereto. "A convyance by one co-tenant of the entire estate gives color of title, and if possession is taken under it, the grantee claiming title to the whole, it amounts to an ouster of the co-tenants and the possession of the grantee is adverse to them." 1 Am. & En. En. Law, (2 Ed.) 806, 799. It is also adverse to the grantor in the deed. *Pillow* v. *Improvement Co.,* 92 Va. 144. So that if Woodford's possession for want of competent proof was not shown to be adverse to Campbell in the year 1876, Dadisman's possession under his deed from Woodford the 17th day of December, 1885, was adverse to Campbell and amounted to a complete ouster. For it was manifest and open notice to him and the world that

Woodford and Dadisman both claimed the property adversely to him. It matters not, he being out of the State, whether he received the notice or not, for they were not required to do any-hing off the land or out of the county where it lay to amount to such notice, but open, notorious and exclusive possession on the land is all the law requires. And when Woodford re-purchased and again received possession, it was Dadisman's adverse posses-sion that he came into, and which continued until the bringing of this suit. If not before the right of Campbell to sue for recov-ery of the land accrued when Dadisman took adverse possession thereof under his deed, and from that time the statute of limi-tations began to run. Campbell was heard from last in 1880, so he was presumed to be still alive in 1885, and this presump-tion continued unitl 1888, when seven years having elapsed, the presumption of death arose. If he continued in life his right to action would have expired by limitation in 1895. Having begun to run during his lifetime, his death did not stop the run-ning of the statute in favor of his then infant heir, but it con-tinued and destroyed the right of action of both at the same time, notwithstanding her disability. "When the statute of lim-itations has begun to run against an ancestor, it will continue to run against his infant heirs unless otherwise specially provided by statute." *Wilson* v. *Harper et al.,* 25 W. Va. 179; *Caperton* v *Gregory,* 11 Grat. 505; 13 Am. & En. En. Law 732; *Mynes* v. *Mynes,* 47 W. Va. 681, (35 S. E. R. 935). The plaintiff's right to sue for this land was barred in the year 1895, as shown by facts of adverse possession and exclusive ownership, set out in her bill, and the question of limitation could have been raised by de-murrer thereto. *Jarvis* v. *Martin's Admr.,* 45 W. Va. 347; *Thompson* v. *Iron Co.,* 41 W. Va. 574; *Jackson* v. *Hull,* 21 W. Va. 601.

Without regard to the question of incompetent or inadmissible evidence, this case is clearly for the defendant Woodford, and the decree complained of is affirmed.

*Affirmed.*