No. 17,324.

TURNER ET AL. *v.* ANDERSON.

(274 P. [2d] 972)

Decided October 11, 1954.

Mr. JAMES J. PATTERSON, Mr. FRANK J. REINHARD, JR., for plaintiffs in error.

Mr. F. RICHARD HITE, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

IN July 1937, plaintiffs in error, the Turners, were the owners of some mountain property near highway No. 72

in Gilpin county, and conveyed an irregular small plot of ground to defendant in error Anderson. The particular area seems to be a semi-summer cabin location, although some of the properties are occupied throughout the winter. The deed of conveyance to defendant in error Anderson contains the following: "The purchaser shall have a right to pass in and out through the L. E. Turner property to state highway No. 72, where designated by L. E. Turner." It appears that at about the time of the conveyance, L. E. Turner designated what then was more or less a roadway across the Turner property connecting with the highway. The Turners, accustomed to spending some time, especially the winters, in California, saw no more of Mrs. Anderson for a period of four or five years. In the meantime Anderson had used another roadway for egress and ingress to the highway, to which reference is made as the "old logging road." At the time of the conveyance, no part of this logging road was on the Turners' property. It does not appear that the Turners at any time, or in any way, interfered with Anderson in the use of the original designated road referred to in this proceeding as road No. 1. The Turners acquired more property, and in 1949 erected a fence around all of their property, which obstructed a part of the so-called "old logging road."

Anderson instituted this action in September 1949, seeking an injunction against the Turners from obstructing in any manner plaintiff's right of way and easement, which she claimed by virtue of the deed as being twenty feet in width over this old logging road instead of road No. 1. A preliminary injunction was issued with bond fixed at $250.00 to secure defendants against any damage. Defendants filed motions to dismiss the complaint; for leave to file an amended answer; and to dissolve the injunction. Upon hearing, the motion to dismiss was denied; permission to file an amended answer as tendered was granted; and the preliminary injunction dissolved on February 2, 1953. On the latter date, defendants'

amended answer was filed, in which it was specifically denied that plaintiff was the owner of an easement consisting of a right of way twenty feet in width, being ten feet on either side of the center line of the roadway known as "old logging road." For a third defense, the language used in the deed of conveyance between the parties was adopted as the measure of the rights of the parties therein, and that plaintiff is limited to such a right to pass in and out of defendants Turners' property where designated by L. E. Turner. Defendants affirmatively alleged that L. E. Turner, at the time of the conveyance, designated the location of the passage of plaintiff in and out of the Turner property and so informed plaintiff. Defendants made further claim and defense that injunction is not a proper remedy as an original and independent procedure for trial on a disputed title as to an alleged easement.

From the record certified to us it is difficult to state with accuracy the order of proceedings had herein, because it appears that on hearing there was a preliminary injunction issued on September 6, 1949, and over four years elapsed before the amended answer was filed. November 12, 1953, a contempt citation was issued against L. E. Turner commanding him to appear on the 5th day of December, 1953, to show cause why he should not be adjudged in contempt of court. The original preliminary injunction was dissolved on February 2, 1953. On the 7th day of March, 1953, there apparently was a hearing and on September 21, 1953, another injunctive order was issued nunc pro tunc as of March 7, 1953, and it appears that the matter finally came on for trial to the court on the 7th day of March, 1953. At this final hearing to the court, eighteen witnesses testified and much of the testimony is in hopeless conflict; however, we do not find sufficient testimony to support the finding of the court, which is as follows:

"That the easement for ingress and egress heretofore granted by defendant to plaintiff is and was designated

as that road described in the complaint as the "Old Logging Road," and referred to in the evidence as "Road #2," * * * and that said plaintiff is entitled to the use and enjoyment thereof where the same passes over defendnats' [defendants'] property for the reason that said easement was granted to plaintiff by proper conveyance theretofore executed and delivered and located as hereinabove set forth."

"It is, therefore, the order of the Court that a grant does exist to the plaintiff over the highway indicated as No. 2, a grant of easement, and even to the extent of a prescriptive right over this highway. The permanent injunction will be granted restraining the defendants from in any way interfering with the rights of this plaintiff to the use of Highway No. 2 as indicated on Plaintiff's Exhibit C. The right is very prescriptive; the order should extend to it being a public highway restraining him from fencing it in any way."

It is to be noted that the trial court speaks of "said" easement in referring to the claimed easement over the old logging road, and further finds that the "said" easement was granted to plaintiff by proper conveyance. It is one thing for the court to find that plaintiff was entitled to an easement, but quite another thing to say that this particularly described easement was granted by the conveyance. In this regard the conveyance speaks for itself in no uncertain terms to the effect that plaintiff was to have the right to pass in and out of defendants' property at such a place as was to be designated by defendant L. E. Turner. As to plaintiff's claim that road No. 2 or the old logging road was designated at about the time of the conveyance, it is to be noted, as is freely admitted, that defendants at the time of the conveyance did not own the tract traversed by road No. 2.

As to the finding that plaintiff had a prescriptive right to the use of road No. 2, that claim was not established by the evidence, because the use of said road was irregular, infrequent, sporadic, and far more permissive

than adverse. Plaintiff Anderson testified that defendant L. E. Turner did not designate road No. 2, because he did not have the right to designate it for the reason that he was not the owner. She testified that she had the right of way across road No. 1, which defendant L. E. Turner says he designated; and she further testified that she did not *claim* a right of way over the old logging road, she said she "*had* the right of way." In other words, plaintiff takes the position that she had the right to use either or both roadways regardless of any designation. Defendant L. E. Turner testified that he did not own the property over which the old logging road traversed until 1947; therefore whatever use plaintiff was making of the road, over which she now claims the easement, certainly it was not an adverse use so far as defendant is concerned, until 1947. In 1949 defendant fenced his property, which included a portion of the old logging road which plaintiff claims is an obstruction. Any use that plaintiff made at other times except between 1947 and 1949, certainly was not hostile or antagonistic to the title of defendant, because he did not have title. It requires more than the irregular use that had been made of this road for it to become a public highway, or vest a prescriptive right to its use in plaintiff. The testimony concerning the use of this highway, coming from many witnesses, is somewhat confusing and very difficult to follow, other than to glean therefrom that the road was occasionally used by hikers, picnic parties, etc. Some logging was done over the road by prior owners for their own convenience, and it traversed their land only. From the confusion appearing in the testimony of various witnesses, we find that instead of there being a violent conflict, there is general accord in the evidence which shows a definite designation of road No. 1 as the road plaintiff was to use; further it discloses that this was the only road that could be designated because defendants did not then own the land traversed by the road over which plaintiff now claims to have an easement. There seems

to be no doubt that plaintiff has attempted to enlarge the use originally provided for her and by that irregular and unauthorized use claims that defendant L. E. Turner acquiesced in such continued use and such acquiescence evidences that said use was according to his original intent to designate road No. 2, or the old logging road. All of this in face of plaintiff's own testimony that road No. 1 was designated.

We see little reason to discuss the other questions presented, namely, that the old logging road was a public highway, and that the trial court erred in awarding a right of way twenty feet in width, because the entire record does not support plaintiff's complaint or the findings of the trial court.

The judgment is reversed and the cause remanded with direction to dismiss the action.