EUGENE JENKINS

*v.*

PAULINE JONES, *Admx., etc., et al.*

(No. 15182)

Decided March 4, 1982.

*Michael & Kupec and Thomas W. Kupec* for appellants.

*Jones, Williams, West & Jones* and *John S. Kaull* for appellee.

PER CURIAM:

This is an appeal by Pauline Jones and others[1] from a judgment of the Circuit Court of Doddridge County

---

[1] Pauline Jones is involved in this case as the Administratrix of the Estate of Clifford L. Jones and also as an individual in her own right. She is joined in the action by Janet Carol Wilson, Sharon Sue Snyder, Kenneth Lee Jones, Bonnie Lou Jozwick, Anita Kay Jones, Kevin Wade Jones, heirs of law and distributees of the Estate of Clifford L. Jones.

awarding sole ownership of a Caterpillar tractor to the appellee, Eugene Jenkins. The case arose when the appellee challenged, for lack of consideration, an agreement between the parties which established co-ownership of the tractor. In this appeal, the appellants argue that the agreement was supported by consideration and, therefore, the circuit court erred in awarding the tractor to the appellee. After reviewing the record, we find that the circuit court did not commit error, and we affirm its judgment.

In May, 1974, Eugene Jenkins and Clifford Jones jointly purchased a Caterpillar Model D-3 diesel crawler tractor with accessories for a total price of Twenty-Four Thousand Five Hundred Twenty-Nine Dollars and Twenty Cents (24,529.20). Clifford Jones paid the One Thousand Dollars ($1,000.00) down payment and the remaining balance was financed. Insurance was obtained which provided for payment of the debt in the event of the death of either party.

In August, 1974, Eugene Jenkins executed and delivered to Clifford Jones a check for One Thousand Dollars ($1,000.00). Two notations were made on the check. One, written by Clifford Jones, read "for 1/2 int. in D-3 dozer." The other, written by Eugene Jenkins, read "full payment for int. of Clifford Jones in Dozer." This check was subsequently negotiated by Clifford Jones, and Eugene Jenkins made the next payment due on the tractor.

On September 25, 1974, Clifford Jones died as a result of injuries sustained in an accident. The balance of the purchase price of the tractor was then paid to Beckwith Machinery Company by the insurance company. However, Beckwith was overpaid and sent a check for the balance of Two Thousand Two Hundred Eighty-Five Dollars and Two Cents ($2,285.02) to the appellant, Pauline Jones. The check was made payable to Eugene Jenkins and the Estate of Clifford Jones. Jenkins, however, was unable to collect his share of the proceeds, because the appellant refused to sign the check.

On March 14, 1975, the parties signed an agreement which stated that the parties were co-owners of the tractor. The agreement stated that Clifford Jones had not parted with his interest in the tractor and, therefore, at his death a one-half interest in the tractor passed to his estate. After signing the agreement, the appellee received his half of the overpayment made to Beckwith. The appellee then challenged the agreement as being void for lack of consideration. In his complaint, he sought possession and control of the tractor and monetary damages.

The matter was heard in July, 1980, without a jury. The circuit court concluded that prior to Clifford Jones' death, he sold his interest in the tractor to Eugene Jenkins. The court also concluded that the agreement dated March 14, 1975, between Eugene Jenkins and Pauline Jones was without any consideration and, therefore, was not binding upon the parties. Hence, the court concluded that Eugene Jenkins was entitled to the possession and ownership of the tractor but denied him monetary damages.

In syllabus point 8 of *Sanders v. Roselawn Memorial Gardens, Inc.*, 152 W.Va. 91, 159 S.E.2d 784 (1968), we said:

> "A finding of fact made by a trial chancellor or by a trial court sitting in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by this Court on appeal unless the evidence plainly and decidedly preponderates against such finding."

Inasmuch as the evidence before us supports the court's findings, we believe, in accordance with syllabus point 8 of *Sanders*, that the court's finding should not be disturbed on appeal.

Accordingly, the judgment of the Circuit Court of Doddridge County is affirmed.

*Affirmed.*