304 S.E.2d 860

**Ernest L. VEACH, et al.**

v.

**George H. DAY, Sr., et al.**

**Ernest L. VEACH, et al.**

v.

**George H. DAY, Sr., et al.**

**Nos. 15325, 15359.**

Supreme Court of Appeals of West Virginia.

June 30, 1983.

Harry R. McCulloh, Petersburg, for appellants in no. 15325.

Duke A. McDaniel, Petersburg, for appellants in no. 15359.

Duke A. McDaniel, Petersburg, for appellees in no. 15325.

Harry R. McCulloh, Petersburg, for appellees in no. 15359.

PER CURIAM:

In this proceeding we have consolidated the cross appeals of the parties to a property dispute which was litigated in the Circuit Court of Grant County. The circuit court ruled that Ernest L. Veach and Alice Veach, the plaintiffs below, were the owners of 8.7 acres the title to which was in dispute. The court also ruled that the defendants below, the Days, had a prescriptive right-of-way across the tract. On appeal the Veaches contend that the court erred in finding that the Days had a right-of-way. The Days, in their appeal, claim that the court erred in finding that the Veaches owned the tract in dispute. We find that the trial court erred in concluding that the Days had a prescriptive easement across the tract in dispute, and we affirm the court's decision on ownership of the tract.

The Veaches and the Days owned contiguous tracts of land. Their parcels had a common source of title, a deed dated March 13, 1891, by which Walter G. Williams and Robert R. Williams partitioned a larger tract of property. The dispute involved in the proceeding now before us arose when the Veaches and the Days were unable to agree upon the location of one of the lines involved in the 1891 partition. The Veaches instituted the proceeding by filing a complaint in the Circuit Court of Grant County on June 9, 1978. The Days filed an answer and a counterclaim. In their counterclaim the Days prayed that the court find that they had a right-of-way by use and prescription over the 8.7 acre tract if the court found that the Veaches owned the tract.

The question of the easement was tried along with the question of ownership of the parcel in dispute. At the conclusion of the trial the circuit court ruled that the Veaches owned the parcel in dispute and that the Days had a right-of-way over it.

On appeal the Veaches make a number of assignments of error relative to the court's finding that the Days had an easement across the tract in dispute. In addition to claiming that the evidence did not support the establishment of a right-of-way by prescription, they argue that the trial court committed a number of procedural errors.

The evidence adduced by the Veaches regarding the right-of-way consisted of the testimony of two witnesses, Robert Day and George Day. Robert testified that there was a road over the tract in dispute. He said: "[W]hen it was first put in, we used it to work on the mountain, taking timber off, and, in recent years, I've used it in the spring to go up and mushroom hunt. I've used it in the fall to hunt—well, every year." He also indicated that he had taken a truck, tractors, and bulldozers up the hill. He testified that he was born in 1927, that he had served in World War II for about eighteen months and that since 1957 he had lived in Charleston and Shepherdstown. He indicated that he went mushroom hunting once or twice a year, and during deer season he went up the road two or three times each year. George Day's testimony was similar.[1]

---

1. George Day testified as follows:

"Q. Now, you heard the testimony about the property being closed, grown up—a trail, a path. Would you explain to the Court your knowledge of this roadway?

A. Yes, sir. From the foot of the mountain across Mr. Wardney Veach, up to the top of the mountain, was always kept open so that the right away across Mr. Wardney Veach would remain in effect. Now, that would be closed, perhaps at different times during the year. As my brother stated, during mushroom season, and hunting season, we always cleaned it but so that we could get the tractor up there.

Q. Tell the court at what time or times during the year that this right of way would be used, and, to the best of your knowledge, who would use it?

A. Mainly in the spring and in the fall—the family only. We were reluctant to allow hunters on the property. You, yourself, were invited once or twice. Generally speaking, it's

■ In syllabus point 1 of *Town of Paden City v. Felton,* 136 W.Va. 127, 66 S.E.2d 280 (1951) we stated the test for determining when a prescriptive easement is established:

> "To establish an easement by prescription there must be continued and uninterrupted use or enjoyment for at least ten years, identity of the thing enjoyed, and a claim of right adverse to the owner of the land, known to and acquiesced in by him; but if the use is by permission of the owner, an easement is not created by such use."

*See, also, Berkeley Development Corp. v. Hutzler,* 159 W.Va. 844, 229 S.E.2d 732 (1976); *State ex rel. Riddle v. Department of Highways,* 154 W.Va. 722, 179 S.E.2d 10 (1971). We also stated in syllabus point 1 of *Berkeley Development Corp. v. Hutzler supra:*

> "The burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof."

While we are aware of no West Virginia case which discusses what constitutes "continued" or "continuous" use such as to give rise to a prescriptive easement, a number of jurisdictions have held that the "continuous" requirement involves something more than mere infrequent or sporadic use of a road. *See, Turner v. Anderson,* 130 Colo. 275, 274 P.2d 972 (1954); *Trexler v. Lutz,* 180 Pa.Super. 24, 118 A.2d 210 (1955). *See, Stupnicki v. Southern New York Fish & Game Ass'n.,* 41 Misc.2d 266, 244 N.Y.S.2d 558 (1962); *Uliasz v. Gillette,* 357 Mass. 96, 256 N.E.2d 290 (1970); and *Fannin v. Somervell County,* 450 S.W.2d 933 (Tex. Civ.App.1970); 25 Am.Jur.2d *Easements and Licenses* § 56 (1966); 4 Tiffany, *Real Property* § 1202 (1975).

The *Fannin* case illustrates the thinking of the courts on the question of what con-

stitutes "continuous" use sufficient to give rise to a prescriptive easement. In that case the Texas court said that where people occasionally used a private parcel along a river for picnicking and camping and for getting to and from the river for swimming and fishing, the use was not sufficiently "continuous" to support a prescriptive easement. In the *Stupnicki* case the New York Court said that occasional or sporadic use of an abandoned road over an owner's land by an adjoining owner's predecessors in title by walking over the road on an occasional errand and by use of the road by hunters would not be sufficient to support a finding of a prescriptive right.

There is a similarity between the elements which must be shown to establish a prescriptive easement and those necessary for adverse possession. *See,* syllabus point 3 of *Somon v. Murphy Fabrication & Erection Co.,* 160 W.Va. 84, 232 S.E.2d 524 (1977).[2]

In several adverse possession cases we have recognized that an occasional or sporadic adverse use does not constitute "continuous" use. We stated in syllabus point 8 of *Westover Volunteer Fire Dept. v. Barker,* 142 W.Va. 404, 95 S.E.2d 807 (1957) that:

> "Occasional and sporadic acts of dominion tending to show possession of land, which are not continuous for the statutory period, do not constitute adverse possession as is contemplated by law."

We have held that mere occasional grazing of cattle or cutting of timber or of sod on land does not constitute possession sufficient to give rise to adverse possession. *Wade v. McDougle,* 59 W.Va. 113, 52 S.E. 1026 (1906). *See, Eagle Land Co. v. Ferrell,* 97 W.Va. 608, 125 S.E. 589 (1924).

■ Given these authorities, we are of the view that to support the establishment

---

a family road, used for pleasure purposes only."

2. Syllabus point 3 of *Somon v. Murphy Fabrication & Erection Co.* requires that before one may establish title by adverse possession he must show:

"(1) That he has held the tract adversely or hostilely; (2) That the possession has been actu-

al; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title."

of a prescriptive easement the use of a way must be more than occasional or sporadic. We conclude that the evidence of use in the case before us does not demonstrate sufficiently continuous use to support the establishment of an easement by prescription. We note that the Days' own testimony was that the road was from time to time closed and that family only used it a few times a year to hunt upon the land.

Since we have concluded that the trial court erred in declaring that the Days had a right-of-way, we believe that it is unnecessary to discuss the Veaches' other assignments relating to the trial court's consideration of this issue.

■ As we have noted, this case was tried by a judge sitting without a jury. In their appeal the Days claim that the evidence adduced did not support the trial court's finding regarding ownership of the parcel in dispute. In the syllabus of *Jenkins v. Jones*, 169 W.Va. 409, 287 S.E.2d 521 (1982), we recently reiterated our often recognized rule:

" 'A finding of fact made by a trial chancellor or by a trial court sitting in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by this Court on appeal unless the evidence plainly and decidedly preponderates against such finding.' Syllabus point 8, *Sanders v. Roselawn Memorial Gardens, Inc.*, 152 W.Va. 91, 159 S.E.2d 784 (1968)."

*See, Town of Bancroft v. Turley*, 170 W.Va. 1, 287 S.E.2d 161 (1981); *Teter v. Teter*, 163 W.Va. 770, 260 S.E.2d 270 (1970); *A.W. Cox Dept. Store Co. v. Cox's Inc.*, 159 W.Va. 306, 221 S.E.2d 539 (1976); *Samsell v. State Line Development Co.*, 154 W.Va. 48, 174 S.E.2d 318 (1970).

■ We have carefully reviewed the record before us, and we cannot conclude that the evidence plainly and decidedly preponderates against the trial court's finding that the Veaches own the property in dispute.

For the reasons stated the judgment of the Circuit Court of Grant County in Appeal No. 15359 is affirmed, and the judgment of the court in Appeal No. 15325 is reversed and that case is remanded with directions that the circuit court hold that the Days acquired no easement over the parcel in issue.

Case No. 15325 Reversed and Remanded.

Case No. 15359 Affirmed.