327 S.E.2d 151

**Joseph J. NAAB, et al**

v.

**Roger L. NOLAN, et al.**

**No. 16181.**

Supreme Court of Appeals of
West Virginia.

Feb. 28, 1985.

Gerald W. Townsend, Fluharty & Townsend, Parkersburg, for appellees.

Roger L. Nolan and Cynthia S. Nolan, pro se.

PER CURIAM:

This is an appeal from a final judgment of the Circuit Court of Wood County entered on January 6, 1983. The circuit court ruled that the appellees, Joseph and Helen Naab, petitioners below, had acquired title through adverse possession to a small portion of the appellants' land on which a concrete garage belonging to the appellees was located. The court also ruled that the appellees and their neighbor, Thelma Fulton, had a prescriptive easement over a portion of the appellants' land leading to the garage. For the reasons set forth below, we affirm.

The Naabs and the appellants, Roger and Cynthia Nolan, are the owners of contiguous tracts of land in a subdivision of Williamstown, West Virginia. The Fultons, who are also petitioners in this case, own property which abuts the rear of the Naabs' lot. Mr. and Mrs. Naab purchased their property in 1973. At the time of purchase there was both a house and a small concrete garage on the property. The evidence at trial showed that the garage had been erected sometime prior to 1952 by one of the Naabs' predecessors in title. Immediately following the construction of the garage, a gravel driveway was established leading from the garage to an alley located behind the Naab property. The Naabs have never lived on the property themselves but have consistently rented the premises to tenants who lease and use both the house and garage. In addition, Mrs. Fulton testified that she had continuously used the driveway from 1950 to the present and that at her direction in 1960 there was a concrete slab placed at the intersection of the driveway with the alley. The purpose of the slab was to enable automobiles to turn around.

In 1975, Roger and Cynthia Nolan purchased their lot which, the following year, they had surveyed. The survey indicated that one corner of the Naabs' garage encroached 1.22 feet onto the Nolans' property while the other corner encroached 0.91 feet over their property line. In addition, the gravel driveway also overlapped onto the Nolan property.

In 1979, after notifying the Naabs and the Fultons of the survey, the Nolans requested that their neighbors tear down the garage and discontinue using the driveway. When the Naabs and Fultons refused, the Nolans erected a four-foot fence to deny appellees access to the garage and use of the driveway. In 1980, the Nolans placed a detached metal outbuilding further to frustrate their neighbors' use of the driveway and access to the garage.

The Naabs and the Fultons sought judicial determination of their rights regarding the garage and driveway. The Circuit Court of Wood County held that the gravel driveway exists as an easement by prescription and that the Naabs acquired title by adverse possession to that portion of the Nolans' lot upon which the garage was built.

The appellants' case hinges on the fact that neither they nor the appellees were aware of the exact boundaries of their respective lots until the 1976 survey. Therefore, they insist, no earlier objection to the garage and driveway was possible. It is important to note, however, that this is not a boundary line dispute among conflicting surveys in which a court determines which deed and survey to accept. All parties accept the 1976 survey as the proper delineation of their respective lots.

■ An elementary principle of property law states that the owner of a burdened premise is bound by the actions or inactions of his predecessors in title. The record discloses that the predecessors in title of both the Naabs and the Nolans accepted the erection of the concrete garage and accompanying gravel driveway sometime before 1952. The record also indicates that when the Fultons placed a concrete slab at the entrance to the alley from the driveway, no complaint was registered by the Nolans' predecessors in title.

Thus, this Court is faced with a situation where a driveway and small garage have existed for almost a generation before any complaint was made that the driveway and garage encroached on another's property. *W.Va.Code* 55–2–1 [1923], which gives a person ten years to assert his ownership to land, is a statute of limitations that is indicative of the legislative desire to settle disputes and quiet title to real property within that period.

■ The doctrine of adverse possession is firmly established in our property law and accompanies *W.Va.Code* 55–2–1 [1923] in settling land disputes equitably and efficiently. This doctrine enables one who has been in possession of a piece of real property for more than ten years to bring an action asserting that he is now the owner of that piece of property even when title rests in another. In Syllabus Point 3 of *Somon v. Murphy Fabrication and Erection Co.*, 160 W.Va. 84, 232 S.E.2d 524 (1977) this Court stated:

One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title.

The circuit court found by a preponderance of the evidence the existence of facts sufficient to establish title by adverse possession in that portion of the Nolans' lot occupied by the Naabs' garage. We agree with the court's decision.

Element one, unquestionably, is present. The survey clearly indicated that the garage occupied a portion of the appellants' lot. Such physical dominion is sufficient to satisfy the first adverse or hostile element. This same fact of exercising physical dominion over a portion of the lot satisfies the second requirement, that the possession be "actual." *See State v. Morgan,* 75 W.Va. 92, 83 S.E. 288 (1914).

■ The third requirement, that possession be open and notorious, requires that the acts asserting dominion over the property "must be of such a quality to put a person of ordinary prudence on notice of the fact that the disseisor is claiming the land as his own." *Parkersburg Industrial Co. v. Schultz,* 43 W.Va. 470, 27 S.E. 255 (1897). Proof of actual knowledge on the part of the true owner is not ordinarily required. *Talbott v. Woodford,* 48 W.Va. 449, 37 S.E. 580 (1900). The fourth element in proving a successful transfer of title to property by adverse possession does not defeat the sporadic use of the property by others; it only need be the type of possession that would characterize an owner's use. The record does not indicate that anybody but the appellees and their predecessors in title ever used the garage.

■ Possession is continuous when the preponderance of the evidence shows continuous possession by one asserting adverse possession for the statutory period of ten years. It is uncontradicted that the Naabs and their predecessors in title have occupied the garage at least since 1952.

■ The sixth and final requirement for successful assertion of title by adverse possession has also been met. A claim of title is generally nothing more than the disseisor's entering upon the land with the intent to claim it as his own. The appellees fulfilled this requirement when they proceeded as if they had title to that portion of the Nolans' lot upon which the garage was located. No permission was either asserted or proved. The circuit court, therefore,

was correct in finding that the Naabs had acquired title to the land on which their garage sits.

In addition, we affirm the trial court in its finding of the existence of facts sufficient to establish an easement by prescription to that portion of the appellants' lot burdened by the driveway running from the eighteen-foot alleyway to the appellees' concrete garage. This Court has stated:

"To establish an easement by prescription there must be continued and uninterrupted use or enjoyment for at least ten years, identity of the thing enjoyed, and a claim of right adverse to the owner of the land, known to and acquiesced in by him; but if the use is by permission of the owner, an easement is not created by such use." Syllabus pt. 1, *Town of Paden City v. Felton,* 136 W.Va. 127, 66 S.E.2d 280 (1951). Syl. pt. 1, *Veach v. Day,* 172 W.Va. 276, 304 S.E.2d 860 (1983).

The evidence is uncontroverted that both the Naabs and the Fultons and their predecessors in title have made sufficient use of the gravel driveway for such use to be considered continued and uninterrupted from 1950 to the present.

Accordingly, the judgment of the Circuit Court of Wood County is affirmed.

Affirmed.